BISHOP P. BOOTHE *v.* MARTIN FITZPATRICK, *Apt.*

*Estray.   Statute.   Waiver.   Consideration.*

If the consideration even without request, moves directly from the plaintiff to the defendant, and enures directly to the defendant's benefit, the promise is binding though made upon a past consideration.

Although B. the finder did not advertise his taking up an estray as required by statute, yet F. the owner by his express promise to pay for its keeping, waived his right to take advantage of B's non-compliance with the requirement of the statute, and became liable to B. for the keeping of the beast.

BOOK ACCOUNT.   The auditor reported that some time prior to the last of August, 1860, the defendant's bull was impounded by one Matthew Fox in Chittenden ; that said bull by some means escaped from the pound and got into the plaintiff's pasture in Pittsford, about the 1st of September, 1860, and was kept by the plaintiff from that time until about the 20th of May following, when the defendant took him away.   The plaintiff did not know who was owner of the animal, when it came into his pasture as above stated, but he made frequent inquiries in order to ascertain its owner.   In the latter part of November, 1860, the plaintiff having ascertained that the defendant was the owner of said bull, sent word to the defendant that he, the plaintiff, had the defendant's bull ; but it did not appear that the defendant got the word at that time.   Some time aftert his, but at what time did not definitely appear, the plaintiff met the defendant in Pittsford, and described the bull in his possession to the defendant, who thereupon said it was his, and that he would pay him, (the plaintiff) for keeping ; but also said to the plaintiff that Fox, who had impounded the bull, should pay it.   Some time after the interview last referred to, the defendant went to the plaintiff in Pittsford and saw the bull, told the plaintiff that it was his, and that he would pay the plaintiff for keeping, but did not drive him away at that time.   The plaintiff kept the bull through the winter, and at a reasonable time in the spring turned him out to pasture, when becoming troublesome, the plaintiff went to see the defendant in regard to taking him away.   The defendant on this occasion

44

Boothe *v.* Fitzpatrick.

informed the plaintiff that he would come and take him away the next day, and did, and at the same time offered the plaintiff his note for the amount charged for keeping. The plaintiff did not accept the note, but told the defendant that he might leave the amount with one Duncklee for the plaintiff, to which the defendant assented; but the defendant did not leave the amount with Duncklee, and the plaintiff's claim for keeping the bull remains unpaid. The amount charged was reasonable, and no more than a fair compensation for the keeping.

· The plaintiff ascertained who the owner of the animal was, but at what time did not certainly appear, the plaintiff advertised said bull as an estray by posting up three notices in the town of Pittsford, where the bull was taken up; but no notice was published in a newspaper, although three were published in the county, nor was any copy left at the town clerk's office. Said bull was worth, when taken up and advertised as above stated, the sum of twelve dollars. The plaintiff made no entry of his claim on his book of accounts, nor did it appear that the plaintiff kept such book.

On the auditor's report,—the court, March Term, 1863, KEL-LOGG, J., presiding, rendered a judgment in favor of the plaintiff. Exceptions by the defendant.

*Edgerton & Paul*, for the plaintiff.

*Reuben R. Thrall*, for the defendant.

PECK, J. The defendant's counsel, without distinction between the part of the account that accrued before the defendant's promise to pay, and that which accrued after, insists that the promise was made upon a past consideration and not binding, in as much as there was never any previously existing legal obligation. As to all that part of the account that accrued after the defendant made his first promise to pay for the keeping, the plaintiff's right to recover is clear, as the subsequent keeping must be taken to have been upon the faith of that promise. When the defendant promised to take the bull away and pay for the keeping, the parties must have understood that the defendant

Boothe *v.* Fitzpatrick.

was to pay for the keeping till he should take the bull away. As to the prior portion of the keeping, the promise was upon a past consideration, and the question is whether this is a legal objection to a recovery. It is urged that without an express promise there was at most but a moral obligation, and that a moral obligation is not sufficient to give a legally binding force to an express promise, except in cases where there had once existed a legal obligation, as in case of a debt barred by the statute of limitations or by a discharge in bankruptcy. This is so said in some reported cases, but no case is cited in which the question involved and decided establishes this as a general proposition. That it is not so, is evident from the cases in which it is decided that a minor making a contract may bind himself by a promise made after arriving at the age of majority without a new consideration. In such case there is no legal obligation previously existing, and yet the promise is binding. The same may be said of another class of cases where the consideration has enured to the benefit of the defendant, but without any request on his part, in which it is held that a subsequent promise is equivalent to a previous request, and creates a legal liability, where none existed before for want of a request. If the consideration, even without request, moves directly from the plaintiff to the defendant and enures directly to the defendant's benefit, the promise is binding, though made upon a past consideration. In this case there was such consideration. The plaintiff parted with what was of value to him, and it enured directly to the benefit of the defendant. A promise upon such past consideration is binding. This principle is fundamental and elementary, and is sustained by abundant authority. But for the defendant's promise the plaintiff could not recover for want of a request on the part of the defendant, as one can not thus be made debtor without his assent. The promise of the defendant obviates this objection, it being equivalent to a previous request. The cases cited by the defendant's counsel to show that a moral obligation is not a good consideration for an express promise, except where there had been a previous legal obligation, are not in conflict with these principles. It is true there are some expressions used

by judges that taken literally without reference to the case then under consideration, would seem to be irreconcilable with this view. The language in these cases must be understood in reference to the cases in which the language is used. They were cases where the defendant had received no consideration beneficial to himself; not like this, where the defendant has received a valuable pecuniary benefit at the expense of the plaintiff.

There would be another objection to a recovery in this case in the absence of a promise by the defendant, arising from the provision of the statute prohibiting a party who takes up an estray, from recovering for keeping in case he neglects to advertise as the statute requires. But it was competent for the defendant to waive this objection, as he has done by an express promise to pay. There is no reason why he may not as well waive this defence by a promise to pay, as the defence of the statute of limitations or the defence of infancy. The plaintiff is entitled to recover his whole account.

Judgment affirmed.