## SAMUEL HAYWARD v. GEORGE BARKER AND WIFE.

### Contract. Moral Obligation as Consideration. Married Woman.

In assumpsit against husband and wife to recover the sum due on the wife's promissory note, it appeared that the note was made before the intermarriage of defendants, and while the wife was covert by a former husband, but after her desertion by that husband and while she was living apart from him and supporting herself by her own labor, and was given for groceries and other goods then purchased by her of the plaintiff "on her own credit and used by her in her own support"; that, after the goods were so purchased and used, the wife obtained a divorce from that husband; and that, after the divorce but before said intermarriage, she promised to pay the amount of the note. *Held*, that, as the wife's original contract was void, the subsequent promise made after the divorce was without consideration, and that therefore the action would not lie.

GENERAL ASSUMPSIT brought to the Municipal Court of Rutland. Trial by the court, EVERTS, J.

It appeared that the debt that was sought to be recovered was incurred by the defendant wife before her intermarriage with the defendant husband, and while she was the wife of one Washburn, but while she lived apart from him. It appeared that Washburn deserted her without any agreement for separation or for separate maintenance, and contributed nothing to her support; that she, being engaged in no business, supported herself by such work as she could get to do; and that, while she was living apart from Washburn as aforesaid, she became indebted to the plaintiff, who knew she was a married woman, for groceries and other goods purchased by her on her own credit, and used by her in her own support. At about the same time, the plaintiff being about to enforce a demand against the wife's brother, which was secured by a lien on a sewing machine, the wife was induced to assume her brother's debt, and accordingly gave the plaintiff her promissory note for $33.75, the amount of her account for goods and of her brother's debt, and took the machine, which she kept until after this action was brought. The wife afterwards obtained a divorce, and married the defendant husband. After the divorce, and before the marriage, the wife promised the plaintiff to pay the amount of her note and interest, but there was no new consideration for such promise.

The court rendered judgment, *pro forma*, for the plaintiff for the amount of the note, with interest and cost; to which the defendants excepted.

*J. B. Phelps*, for the defendants.

The contracts of a married woman are void, not voidable. *Brown* v. *Sumner*, 31 Vt. 671, and cases *passim*. Thus, without a promise after divorce, the action could not be sustained. But the promise that was made after divorce was without sufficient consideration, and did not impart validity to the previous contract. *Watkins* v. *Halstead*, 2 Sandf. 311; *Vance* v. *Wells*, 6 Ala. 737; *Howe* v. *Wildes*, 34 Me. 566; *Kennerly* v. *Martin*, 8 Me. 698; *Waters* v. *Bean*, 15 Ga. 358; *Felton* v. *Reid*, 7 Jones, N. C. 269; *Meyer* v. *Haworth*, 8 A. & E. 467, and other cases. The only ground on which the action can be sustained is that of a moral

obligation. But such an obligation is not sufficient consideration. See *Wennall* v. *Adney*, 3 B. & P. 252, note; *Mills* v. *Wyman*, 3 Pick. 207; *Dodge* v. *Adams*, 19 Pick. 429; 1 Chit. Cont. 52–58.

*J. C. Baker*, for the plaintiff.

At common law the wife has no legal existence. But her support when she is deserted is necessary. The policy of the law of this State is to establish harmony between her legal relations and her actual necessities. Gen. Sts. c. 71; Sts. 1866, No. 29; Sts. 1869, No. 13; *Partridge* v. *Stocker*, 36 Vt. 108; *Frary* v. *Booth*, 37 Vt. 78; *Barber* v. *Cone*, 51 Vt. 495. Here Washburn was not liable. *Carter* v. *Howard*, 39 Vt. 106; *Bugbee* v. *Blood*, 48 Vt. 497. The note being void because of coverture was not payment. *Torrey* v. *Baxter*, 13 Vt. 452; *Collamer* v. *Langdon*, 29 Vt. 32. When divorced the wife became competent to contract. The promise then made had a moral consideration, and that consideration was sufficient. An action might have been maintained on that promise before her remarriage. *Barlow* v. *Smith*, 4 Vt. 139; *Glass* v. *Beach*, 5 Vt. 172; *Boothe* v. *Fitzpatrick*, 36 Vt. 681. An action may therefore be sustained against her and her husband. Schoul. Dom. Rel. 69; *Cole* v. *Shurtliff*, 41 Vt. 311. And see *Prescott* v. *Fisher*, 22 Ill. 390; *Nelson* v. *Searle*, 3 Jurist, 290.

The opinion of the court was delivered by

BARRETT, J. Whether this suit can be maintained depends on the legal quality and force of the promise made by the wife after her divorce from her first husband, and while sole, before marrying her present husband, the co-defendant in this case. The property for the payment for which she made the promise while so sole, had been sold to her while under coverture with her former husband. If that promise so bound her that an action could have been maintained upon it against her before marrying her present husband, then this action can be maintained against her and said husband. Otherwise it cannot be maintained. It is agreed that any contract or promise she made when she procured the property to pay for it, was wholly void in law, and not enforceable in any

way or at any time. But it is claimed that a *moral* obligation sprung from the receiving of the property as upon a purchase, which constituted a legal and valid consideration for the alleged promise made while she was afterwards sole, and that promise became an actionable contract.

The moral obligation spoken of in the cases as being a sufficient consideration to maintain an express promise, is always in reference to and springing from a transaction or a subject as to which the party at the time had already made, or was capable of making, a contract that would not be void. In *Barlow* v. *Smith*, 4 Vt. 139, the subject of moral obligation was not involved. It was a case upon an express promise in writing that showed no consideration on its face, and no subject for any antecedent moral obligation was claimed to exist. The remarks of Judge BAYLIES on the subject of moral obligation as a consideration were *obiter*. Yet all his illustrations fall within the assertion above made. In *Glass* v. *Beach*, 5 Vt. 172, there was a legal consideration for the promise, which was continuing and operative at the time the promise alleged in the declaration was made. So it was not even the case of a past consideration. In *Boothe* v. *Fitzpatrick*, 36 Vt. 681, there was a subject-matter and competent parties for the making of a valid contract at the time the consideration was accruing by the keeping of the beast for the benefit of the defendant by the plaintiff. If such keeping had been by the request of defendant, there would have been a contract upon a present legal consideration for the promise which the law would have implied. The express promise in that case was held to be equivalent to a previous request. This was the only point material to be held in order to maintain the transaction as a contract of promise upon legal consideration. The moral element had no function in the case. There was a contract made up entirely and exclusively of legal elements.

In the case in hand it is agreed that at the time she had the articles of the plaintiff, the female defendant did not and could not make a promise to pay that was not void. The promise thus made could not be ratified and confirmed, and thus have effect by reason thereof, as in case of infancy, bankruptcy, Statute of Limi-

tations, and the like. No obligation, moral or legal, in the sense of any of the cases or the *dicta* of judges and text books, could be said to spring from a transaction in reference to which she was utterly incapable of making a contract that would not be void— utterly incapable of making a contract that could become operative by ratification. What is claimed is not that the promise made after the divorce ratified a promise or a contract made by her during coverture, but that such promise makes a valid new contract by virtue of a previous transaction that could not become an element in a valid contract at the time when it was transacted.

The utmost extent to which any case has gone that can be considered as carrying force as authority, is by way of obviating the effect of the doctrine as to promises upon past considerations, when literally applied,—the holding that where "the consideration, even without request, moves directly from the plaintiff to the defendant, and inures directly to the defendant's benefit, the promise is binding, though made upon a past consideration." The promise made by the female defendant after the divorce would not have been actionable against her in a suit brought while sole. It follows of course that it is not actionable in a suit against her and her present husband. The state of the law on this subject is shown in 1 Chit. Cont. 52 *et seq.* (see note c. 56), and the distinctions named in this opinion are recognized and regarded.

This state of the law is not inconsistent with the holding and decision 36 Vt. *supra*, as therein said by Judge PECK.

*Judgment reversed, and judgment for defendants.*