Rood *v.* Willey.

---

W. H. ROOD, GUARDIAN OF D. B. ROOD *v.* A. U. WILLEY & W. N. WILLEY.

[In Chancery.]

*Married Woman. Contract. Acts of* 1884, *No.* 140.

A married woman's promissory note executed prior to Acts of 1884, No. 140, was void, both in law and equity, when given neither for the benefit of her separate estate nor for her benefit on its credit.

BILL IN CHANCERY. Heard on pleadings and testimony, September Term, 1885, ROYCE, Chancellor. Bill dismissed. The bill was brought by the orator as guardian to enforce the payment of a promissory note given by the wife of de-

fendant A. U. Willey to said D. B. Rood for money loaned. It appeared that the wife had deceased, and it was claimed the money borrowed went towards paying for the defendant W. N. Willey's farm; but the decision of the court renders a statement of facts unnecessary.

*G. A. Ballard* and *Farrington & Post*, for the orator.

*C. P. Hogan* and *Cross & Start*, for the defendants.

The opinion of the court was delivered by

TAFT, J. Martha A. Willey was a married woman at the time of the transaction; her contract was void. In the most favorable light, as claimed by the orator, it was simply a loan made to her by her father; her promise to pay him the amount was null. *Hayward* v. *Barker*, 52 Vt. 429; *Hubbard* v. *Bugbee*, *ante*, 172. This case is not within the principle of those cases in which relief has been granted, where a married woman having a separate estate, contracts debts for the benefit of such estate, or for her own benefit upon its credit, and such debts have been declared charges upon the estate and payment enforced therefrom. Such contracts may be. enforced in equity; but we do not understand that courts of equity even ever enforce the void contracts of a married woman; *i. e.*, contracts made without reference to her separate estate or upon the credit of such estate.

Legislation now makes a *feme covert* liable at law upon contracts,—Acts of 1884, No. 140; but this cause arose prior to its passage.

The decree dismissing the bill is affirmed and cause remanded.