JOSEPH VALENTINE v. IDA M. BELL.

January Term, 1894.

*Married woman. Contracts before No. 140, Acts of 1884.
Non-joinder of husband. Statute of frauds.
Consideration.*

1.  Before the passage of No. 140, Acts of 1884, a married
    woman, having no separate estate nor property of any kind,
    could not bind herself, either at law or in equity, for the
    support of her infant child, although she had been aban-
    doned by her husband and left to maintain herself and
    her child.

2.  The husband of a married woman should be joined with her
    in an action upon a contract made by her while sole, if the
    marriage occurred prior to January 1, 1885.

3.  Ordinarily such non-joinder of the husband must be pleaded
    in abatement, but if in the same suit a recovery is sought
    upon a contract made by her while sole before the passage
    of the act of 1884, and upon a contract made by her while
    covert after the passage of that act, the non-joinder may be
    taken advantage of under the general issue, for she could
    not plead it.

4.  She would not be bound by her promise to pay the two pre-
    ceding debts made after the passage of the act of 1884.

5.  The promise of a married woman, who has been abandoned
    by her husband, to pay for the support of her infant child,
    which is in her custody, is not void as within the statute of
    frauds.

6.  Neither is it without consideration.

General assumpsit. Plea, the general issue. Trial by
jury at the September term, 1893, Windham county,

THOMPSON, J., presiding.   Verdict and judgment for the plaintiff.

The defendant was the only daughter of the plaintiff.   In 1874, at the age of seventeen, she married one Minor. Previous to her marriage she had always lived with the plaintiff and she continued to for some time afterwards. Minor never contributed much to her support, and in June, 1876, ceased to cohabit with her.   In 1877 he obtained a divorce.   In 1884 the defendant married one Bell, who was still living and her husband at the time this suit was brought.

In 1874 a daughter was born to the defendant.   This child always resided in the family of the plaintiff and was maintained by him, and this suit was to recover for such support.   The evidence of the plaintiff tended to show that the defendant promised him, while she was the wife of Minor, and again after the divorce and before her marriage with Bell, that if he would care for the child she would pay him well for it, and that after Nov. 26, 1884, and after her marriage with Bell, the defendant repeatedly promised him that he should be paid for what he had done in the past and might do in the future.

The case showed that the defendant, previous to her marriage to Bell, had no property of any kind and no means of support, save as she worked out from place to place.

Minor never contributed to the support of the child in question.

*C. S. Chase* and *J. K. Batchelder* for the defendant.

Prior to the act of 1884 a married woman could not bind herself at law.   Hence the promise of the defendant while covert with Minor was void.   *Rood* v. *Wiley*, 58 Vt. 476; *Hubbard* v. *Bugbee*, 58 Vt. 172; *Goodenough* v. *Fellows*, 53 Vt. 102; *Priest* v. *Cone*, 51 Vt. 495; *Kelley* v. *Kelley and wife*, 63 Vt. 41.

Nor could it be a consideration for her promise to pay made subsequent to the passage of that act. *Hubbard* v. *Bugbee*, 58 Vt. 172 ; *Hayward* v. *Barker*, 52 Vt. 429.

The defendant's husband should have been joined as to her contract while sole, and hence no recovery could be had upon anything prior to 1884. *Wright* v. *Burroughs*, 61 Vt. 390 (62 Vt. 264).

*Waterman, Martin & Hitt*, and *A. A. Butterfield* for the plaintiff.

The suit was properly brought against the wife alone. *Wright* v. *Burroughs*, 61 Vt. 390 ; *Storey* v. *Downey*, 62 Vt. 243.

The defendant's promise made while covert would have bound her separate estate and is certainly a good consideration for her promise made subsequently to the passage of the act of 1884. *Priest et al.* v. *Cone et al.*, 51 Vt. 495 ; *Dale* v. *Robinson*, 51 Vt. 20 ; *Richardson, Admr.*, v. *Merrill*, 32 Vt. 28 ; *Cardell* v. *Rider*, 35 Vt. 47 ; *Richardson* v. *Wait*, 39 Vt. 535 ; *Caldwell, Admr.*, v. *Renfrew*, 33 Vt. 213 ; *Child* v. *Pearl*, 43 Vt. 224 ; *Hubbard* v. *Bugbee*, 55 Vt. 506.

The defendant received a pecuniary benefit and the moral obligation arising therefrom is a sufficient consideration for her promise, made after the disability was removed, to pay the debt. *Earle* v. *Oliver*, 2 Exch. 71 ; *Littlefield* v. *Shee*, 2 B. & Ad. 811 ; *Sherwin* v. *Sanders*, 59 Vt. 499 ; *Boothe* v. *Fitzpatrick*, 36 Vt. 681 ; *Glass* v. *Beach*, 5 Vt. 175 ; *Hubbard* v. *Bugbee*, 55 Vt. 506.

ROWELL, J.. Plaintiff sues to recover for keeping defendant's daughter from the time she was two months old till she was eighteen. During a part of the time in question defendant was covert of Minor, who procured a divorce from her in September, 1877. She remained sole until April 22,

1884, when she married Bell, of whom she is still covert. Minor ceased to cohabit with her more than a year before the divorce, leaving the child with her and subject to her full control, which she assumed and contracted with the plaintiff for its support.

It was error to rule that, in the circumstances, the defendant was bound by that contract. Having been made when she was covert, and she having no separate estate nor property of any kind, as the case shows, that contract is entirely void, though for necessaries for the child, and therefore unenforceable in this action. *Hubbard* v. *Bugbee*, 58 Vt. 172.

Defendant could, of course, bind herself by contract while sole. But on such contract her present husband is liable with her, for he married her before January 1, 1885. Acts of 1884, No. 140, s. 3. Now while coverture of the defendant is but matter of abatement, and must be pleaded as such when it can be or is waived, here it could not have been pleaded in abatement, because the action is based, not only upon a contract made by the defendant when sole, but upon a contract made by her after the passage of said act, which enables her to make binding contracts, and subjects her to be sued alone upon them. She can, therefore, take advantage under the general issue of the non-joinder of her husband in respect of the contract made by her while sole.

But plaintiff claims that he can recover on defendant's promise made since the passage of said act that she would pay for keeping the child while she was covert of Minor and while she was sole. But as the promise made while she was covert of Minor was void, both at law and in equity, it constitutes no consideration for the subsequent promise to perform it. *Hayward* v. *Barker*, 52 Vt. 429. Nor does the indebtedness created while sole constitute a consideration for the subsequent promise to pay it. It amounts to no more than this, that being liable to pay she promised to pay. Such a promise, without more, is null, and affords no ground

of action.    It left the debt and the parties as they were before.    Thus, the promise of a husband to pay the ante-nuptial debt of his wife is of no avail if the only consideration for the promise is his pre-existing liability to pay it. *Drue* v. *Thorne*, Aleyn, 72 ; *Mitchinson* v. *Hewson*, 7 T. R. 348 ; *Cole* v. *Shurtleff*, 41 Vt. 311.    See, also, *Vanderbilt* v. *Schreyer*, 91 N. Y. 392 ; *Wimer* v. *Worth Township*, 104 Pa. St. 317 ; *Deacon* v. *Gridley*, 15 C. B. 295.

Defendant's motion for a verdict on the ground that Minor was legally bound to support his child and that therefore her promise was within the Statute of Frauds, was properly overruled.    The court also properly refused to charge, as requested, that it being the duty of Minor to support his child, therefore any promise the defendant made to pay for its support was without consideration.

*Judgment reversed and cause remanded.*