M. C. MONTGOMERY, Appellee, v. M. S. DOWNEY, Appellant.

**Pleading:** CONTRACT. Where plaintiff's petition alleged an agreement between defendant and his mother whereby he agreed to support her during her life, and that while at plaintiff's house she was taken ill, and at defendant's request plaintiff nursed and supported her for 80 days, for which defendant promised to pay, and set forth a written contract between defendant and his parents wherein he agreed to pay them a certain sum annually during life, and more if necessary for their support, and a letter from defendant saying, "I am ready to settle for mother's board and other expenses during her recent illness," such a petition states an enforceable contract.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

WEDNESDAY, JANUARY 22, 1902.

ACTION at law to recover compensation for support fur-
nished defendant's mother.    The trial court overruled a
demurrer to the petition as amended, and defendant appeals.
—*Affirmed.*

*Carver & Wooster* and *J. J. Stewart* for appellant.

*L. C. Blanchard* for appellee.

DEEMER, J.—Reduced to its last analysis the case presents
a question of practice, rather than of substantive law; for,
if appellant's claim as to the issues presented is correct, the
demurrer should undoubtedly have been sustained.    On the
other hand, if appellee's contention as to the pleadings is
adopted, the ruling of the trial court was clearly correct.
Turning to the record, we find that in the original petition
the plaintiff recited and referred to an agreement between
defendant and his mother whereby he (defendant) agreed to
support, board and care for her during the term of her
natural life.    He then alleged that the mother was taken
violently ill at his (plaintiff's) house, and that at defendant's
request he nursed, boarded, cared for, and supported her for
the period of 80 days, which service was reasonably worth
the sum of $160.    Defendant filed a motion for a more
specific statement, the material part of which is as follows:
"Let him [plaintiff] state whether the agreement which he
alleges to have been made was oral or in writing, and its
date; and, if in writing, require him to set out a copy there-
of."    This motion was sustained, and plaintiff was required
to state "whether the agreement was oral or in writing."
Pursuant to this order, plaintiff filed an amendment reciting
that, for a valuable consideration received from the mother,
defendant entered into a written contract whereby he agreed
to support his parents during the term of their natural
lives.    A copy of the agreement was attached, from which
it appears that, in consideration of the receipt of certain
property, defendant agreed to pay to his parents annually

during their lives the sum of $160, and more if necessary for their support. Plaintiff further alleged that, after the services had been rendered as set out in the petition, defendant further promised in writing to pay the value of the same to plaintiff. A copy of this writing is set out, and it is as follows "Lacey, Iowa, 4—20—'99. Mr. M. C. Montgomery—Dear Sir: I am ready to settle for mother's board and other expenses while at your place during her recent illness. Send itemized statement, that I may remit, and oblige. M. S. Downey." On the one hand it is contended that the promises and agreements to which plaintiff refers, and on which he seeks to recover, are embodied in these written contracts, while on the other it is insisted that recovery is sought on the theory that plaintiff performed services at the defendant's instance and request, from which request and subsequent promise to pay liability arose to pay the reasonable value of the services performed. The original petition refers to an express agreement made by defendant to support his mother, and then states that at defendant's request plaintiff performed certain other services for the mother, from which an implied agreement arose. Reference to the motion indicates that it was directed to the agreement alleged by plaintiff. Whether to the express or implied one, does not appear. In any event, the motion was properly sustained; for the statute provides that no pleading which recites or refers to a contract shall be sufficiently specific unless it states whether it is in writing or not. Code, section 3630. The order of the court in no manner solves the difficulty, for it simply required plaintiff to state whether the agreement was oral or in writing. Following the order, plaintiff, referred definitely to the agreement between defendant and his mother, and not to the implied agreement between defendant and plaintiff, stated that it was in writing, and set out a copy thereof. This was followed as above indicated. The demurrer was on the following grounds: "In the first contract which plaintiff alleges the defendant

made, a copy of which he sets up in his petition, it plainly appears that the defendant agreed to pay a sum of money annually to his father and mother. It also as plainly appears that said defendant did not agree to pay, in said contract, this plaintiff or any other person, except his said parents, any sum of money for any purpose. Such contract was made by M. S. Downey with his parents, John Downey and Emmaline Downey, and contains his agreement to pay them a sufficient sum for their support. Said contract does not contain an agreement to pay any other person for their support. The second alleged contract set out in plaintiff's petition shows upon its face not to be a contract or agreement with this plaintiff or any other person, but simply defendant's statement that he was ready to settle with his mother, and calling upon the plaintiff to furnish the data for said settlement. That said writing contains no agreement to pay this plaintiff anything, and contains no agreement." Let it be conceded that the first ground of demurrer was good, and that the second was also good, in the event plaintiff was relying on the letter alone; yet it also appears from the petition as amended that this letter was not the sole evidence of the second contract relied upon by plaintiff. After stating the agreement between defendant and his mother, plaintiff also alleged that plaintiff performed services at the request of defendant, and that, after the services were performed, defendant promised to pay the value thereof. This, then, is the second contract referred to, and not the letter alone. No citations are necessary to show that such an agreement is valid and binding, and that plaintiff may recover the value of the services performed. But see Bishop, Contract (Enlarged Ed.), sections 91-93, and cases cited; Beach, Modern Contract, section 161; *Dearborn v. Bownan,* 3 Metc. (Mass.) 155; *Boothe v. Fitzpatrick,* 36 Vt. 681; *Comstock v. Smith,* 7 Johns. 88. In some cases a subsequent promise is equivalent to a previous request and creates a liability, although none existed

before, for want of a request, as where the consideration moves directly from plaintiff to defendant, and is directly for his benefit. See *Boothe v. Fitzpatrick, supra; Walker v. Irwin,* 94 Iowa, 448. But we need not dwell on this subject longer. The petition expressly alleged a request from the defendant, and a subsequent promise to pay. This, plus performance, was sufficient to constitute an enforceable contract. It is unfortunate, perhaps, that the motion for more specific statement did not also refer to the request alleged to have been made by defendant; for it may be, as claimed by appellant, that plaintiff was relying on the written contract between defendant and his mother as constituting the request. But this does not appear from the face of the petition, either in its original form or as amended. Manifestly, two separate contracts are referred to in the petition. The demurrer recognizes this fact, but counsel failed to take note of the statement that the services performed by plaintiff, and for which defendant agreed to pay, were rendered, according to the allegations of the petition, on defendant's express request.

The demurrer was properly overruled, and the judgment is AFFIRMED.