THE COUNTY OF KEOKUK v. ALEXANDER *et al.*

1. New trial: FINDING: EVIDENCE. The sufficiency of evidence to sustain a finding and judgment by the court considered and determined.

2. Pleading: FORMER ADJUDICATION. To an answer alleging cause of action set forth in the petition as adjudicated in a former action, a demurrer was interposed upon the ground that the causes of action had arisen subsequent to the prior suit. *Held*, that it would be better practice to show this fact as a reply to the answer.

*Appeal from Keokuk District Court.*

MONDAY, DECEMBER 10.

THIS suit is brought on the official bond of the defendant, A. S. Alexander, who was the duly elected treasurer and collector of the county of Keokuk, for the years 1862 and 1863.

In its petition, the plaintiff specifies certain items of tax paid to the defendant, as collector, by several individual tax payers, designated by name, which had not in any wise been accounted for, or paid over according to law.

The answer, besides its denial of all matters charged in the petition, sets up two special defenses: First, that plaintiff, in May, 1864, had brought its suit on the same bond against defendants, and recovered a judgment, of $7,386 and costs, for taxes collected and unaccounted for, being the same matters and causes of action which the plaintiff seeks to recover for in this action; but the pleader admits in the answer, that the same items now sued for were not considered in rendering the former judgment. Second, that the judgment rendered in the former suit was for an amount agreed upon in a settlement between the parties; that, at said settlement, it was stipulated between the parties that, if the defendant

thereafter should be able to show any mistake in the settlement, then, in that event, the same should not be conclusive against him. It is averred that such mistake did intervene in the settlement referred to, in the amount of $4,000, and, thereupon, for this amount the defendant asks judgment against the plaintiff.

A demurrer to the first of these special defenses was sustained, the cause tried by the court, which, after overruling a motion for a new trial, gave judgment for the plaintiff in the sum of one hundred and fourteen dollars and twenty cents and costs. Defendant, excepting to each and all of these rulings, appeals.

*Seevers & Williams* for the appellant.

*Woodin & Sampson* for the appellee.

LOWE, Ch. J.—The evidence introduced by the plaintiff is set out in the record, and consisted in offering the

1. NEW TRIAL: finding: evidence.

bond on which the suit is founded, proof that when defendant went out of office in January, 1864, there were certain taxes on the books marked delinquent; that in a settlement between plaintiff and defendant the latter was allowed as a credit all taxes appearing on the tax books as delinquent. There was offered certain tax receipts described in and appended to the petition. This, without more, was all the evidence. It falls so entirely short of establishing the plaintiff's cause of action, that the objection to its insufficiency must be sustained. We suppose (and this is only an inference) that the plaintiff is seeking to recover taxes collected by the defendant which he had returned delinquent and as such had got a credit therefor on the settlement, and to prove which these receipts had been introduced in evidence. But there is not a particle of evidence to identify or connect these tax receipts with the delinquent taxes for which

the defendant had obtained a credit in the alleged settlement. The motion therefore for a new trial should have been sustained, on the ground that the finding and judgment of the court were not supported by the testimony in the cause.

It is also objected that the court sustained the demurrer to the defendant's second plea, which sets up that the **2. PLEADING: former adjudication.** particular items of account sued on in this suit were included in the matters and causes of action of a former suit between the parties on the same bond, coupled, however, with the admission that they were not considered in rendering a judgment in that suit. If, as a matter of fact, these items of account were specifically identified and embraced in the causes of action of a former suit, and, for some reason, although known to exist, were overlooked and not considered, they cannot in law be the ground of a second action. The pleader sets down as the causes of his demurrer that the adjudications in the former suit was not for the same matters and things claimed in this suit, but that the cause of action in this suit accrued subsequent to the adjudication in the first action. These facts, if true, would have been a good reply to the plea demurred to, and it would have been better for the plaintiff, in the event the defendant established his defense of a former adjudication, to have relied upon them as evidence in the trial of the cause, rather than depend upon them as causes of demurrer. The cause is reversed and remanded for a new trial.

Reversed.