## SAVAGE v. GLENN,

CONTRACT—ARBITRATION—DAMAGES.—G. entered into a written contract with *S. in April, 1880, to build a brick building at The Dalles for S. G. began and was carrying on the work, when, in July, 1880, during the high water, the foundations gave way and the unfinished building fell to the ground. G. claimed that S. had undertaken to become responsible for the sufficiency of the foundations and was chargeable with the fall of the building. In October, 1880, the parties agreed in writing to leave the decision of the question to arbitrators, and that pending their decision G. should go on with the work under the contract, with the privilege to S. of making certain alterations in the specifications. Nothing was done under the second contract, and S. brought his action for damages for breach of the original contract; *Held*,

1. That the agreement to arbitrate could not be pleaded as a defense to the action, and that G. having failed to go on with the work under the second contract, and having failed to charge his default to S., he could not defend under that part of the agreement.

2. That the instruction to the jury that the measure of the damages was the installments paid by S. to G. under the contract, was error; that the measure of damages was the difference between what it would cost S. to finish the building and what he would have had to pay G. under the contract, together with the probable rental value to S. of the building during the delay caused by G.'s original default and subsequent promises to go on with the work.

3. That the materials in the building at the time of its fall belonged to S. and that G. was entitled to credit for such materials and such work as he had done in digging for the foundations to the extent such work and materials would tend to reduce the cost to S. of completing the building; but that materials on the ground and unattached belonged to G. and that S. could not be charged with their value.

APPEAL from Wasco County.

*Williams, Hill, Durham & Thompson*, for appellant.

*C. B. Bellinger*, for respondent.

By the Court, WALDO, J.:

This is an action for damages for a breach of a written contract made on the 3d day of April, 1881, in which the appellant agreed to build at The Dalles a brick building for

respondent for the sum of $6,000, to be paid in installments at stages specified in the progress of the work. The appellant began and was carrying on the work and had got the first two installments, of $2,300, when, on the 3d of July, 1880, during the high water, the foundation gave way and the work fell to the ground. The appellant charged respondent with the responsibility for the fall of the building, which led to the written agreement of October 16, 1880, in which the parties agreed to submit the dispute to an arbitration, and that on the signing of the contract Glenn should immediately go on with the work. Nothing was done under this agreement. The case comes up on exceptions to certain instructions given to the jury and on the refusal to give instructions asked by appellant. The court instructed the jury in effect that the agreement of October 16, 1880, could not be considered by them in estimating the damages. This view of that agreement was correct. As an agreement to arbitrate, unexecuted, it could not be pleaded as a defense to the action. (*Wallis* v. *Carpenter*, 13 Allen, 24; *Rowe* v. *Williams*, 97 Mass., 163; *Wood* v. *Humphrey*, 114 Mass., 185; *Pearl* v. *Harris*, 121 Mass., 390; *Knaus* v. *Jenkins*, 40 N. J. L., 288, and authorities cited.)

Glenn's undertaking to go on with the work cannot alter this construction. It is not necessary to consider the consequences of performance of that undertaking. There was no performance, and there is nothing in the case to charge the default to Savage, unless it is found in the twelfth instruction asked by appellant, that: "If the jury believe from the evidence that after and at the time the second contract was made, it was understood and agreed between the parties that they would arrange as to when the work should be commenced, and the plaintiff refused thereafter to make any such arrangements or to furnish the defendant any specifi-

cations for the new foundation walls, and the defendant offered within a reasonable time, all things considered, after such contract was made, to go on with the work according to the contract, and plaintiff refused to allow him to do it, plaintiff cannot recover."

Now it was Glenn's duty under the contract of the 16th of October, to go on with the work as called for by the first contract without any further directions. While Savage had reserved a right to make some alterations in the specifications as to the foundations, he did not make the exercise of this right a condition precedent to the commencement of work. Glenn was to go on with the work immediately; he was not to offer to go on. If Savage failed to suggest alterations in time, he would be concluded. The court rightly refused this instruction.

But the court erred in instructing the jury that the measure of damages was the installments paid by plaintiff to defendant under the contract. But it was not error to refuse the instruction asked by appellant, that: "The true measure of damages in this case is the difference between what it would have cost plaintiff to construct such a building as is provided for in the contract, and the amount which plaintiff would have had to pay defendant to complete said building according to the contract." The measure of damages was as stated and something more. The respondent was entitled to recover for loss of rents. But it is not sufficient to prove merely the conjectural rental value of the building to entitle him to recover on this ground. He should show what amount in rents he would have, probably, in fact recovered. The difficulty of showing the actual loss or the possibility that respondent might not have received any rent within the time, should not prevent the question of probable loss going to the jury. (*Gilbert* v. *Kennedy*, 22 Mich., 117; *Hexter*

v. *Knox*, 63 N. Y., 561; *Sewals Falls Bridge Co.* v. *Fisk*, 23 N. H., 171; *Abbott* v. *Gatch*, 13 Md., 332; *Rubb* v. *Rinaldo*, 55 N. Y., 664.) The respondent, however, can only recover for such reasonable time beyond the time at which the appellant should have delivered the building to him under the contract, as it would have taken respondent to complete the building, and such additional delay as may have been caused by appellant's promises to go on with the work. (*Willey* v. *Fredricks*, 10 Gray, 357; *Davis* v. *Talcott*, 14 Barb., 627, 628.) In making the calculations of the cost of completing the building, the materials in the structure at the time of its fall must be taken into account. They had become part of the realty and belonged to Savage. (*Rogers* v. *Gilinzer*, 30 Pa. St., 185; *Wilmarth* v. *Bancroft*, 10 Allen, 248.) The appellant is entitled to credit for the work done in digging for the foundation and for such materials as had been put into the building, to the extent they tend to reduce the cost of completing the building. But material lying on the ground and never attached to the realty belonged to Glenn. (*Woodman* v. *Pease*, 17 N. H., 282.) The respondent cannot be charged with them.

As no evidence is found in the record showing the value to the respondent of that part of the work and materials which had become his property, we are without the requisite *data* to determine whether the erroneous ruling or the measure of damages prejudiced the appellant. We must, consequently, reverse the judgment and order a new trial.