[Filed March 7th, 1887.]

# HUGH GLENN v. O. S. SAVAGE.

FORMER ADJUDICATION—WHAT CONSTITUTES—ISSUE.—An issue once determined in a court of competent jurisdiction cannot be again litigated, and may be opposed as an effectual bar to any further litigation of the same matter by parties and privies ; but the matter adjudicated, to constitute a bar, must be a fact in issue by the pleadings, as distinguished from a fact in controversy.

SAME—WITHDRAWAL OF QUESTION FROM JURY.—Where the pleadings in the case which is relied upon as a former adjudication of the questions in controversy, set up the identical matter that is alleged in the present case, but the record shows that said matters were withdrawn from the consideration of the jury, though for what reason does not appear, the effect of such withdrawal is to preclude the parties from litigating the same matters in the subsequent action. If the jury had no right to consider said matter in the first case, it could never be considered in any case.   ·

PRINCIPAL AND AGENT—ATTORNEY.—The plaintiff's attorney in an action cannot, by virtue of his employment as such, bind his principal for the expense of a lock, to secure the door of a building containing property attached in such action.

INSTRUCTION—ERROR.—An instruction to the jury upon an assumed fact, as to which there is no evidence, is erroneous.

PRINCIPAL AND AGENT—FACT AND LAW—QUESTION FOR JURY.—The existence of an agent's authority is a question of fact; what he may do by virtue of it is a question of law. It is error, therefore, when the authority of the agent is in dispute, to submit to the jury the question whether he is duly authorized or not.

ACTION—ASSUMPSIT—VOLUNTARY SERVICE.—Any act done for the benefit of another, without his request, is to be deemed a voluntary act, for which no action can be sustained, unless, after knowing of the service, the person benefited promises to pay for it.   ·

WASCO COUNTY.   Defendant appeals.   Reversed, and remanded for new trial.

*James K. Kelly*, for Appellant.

*F. P. Mays*, for Respondent.

STRAHAN, J.—The amended complain therein contains four separate and distinct causes of action.   The first count in the complaint alleges, in substance, that in the year 1880, at Dalles City, the defendant received into. his possession fifteen segment window sash, of the value of $60.00, and 3,500 feet of roofing lumber, of the value of $68.50; all said sash and lum-

ber being the personal property of the plaintiff; and that defendant thereafter converted the same to his own use, and promised to pay plaintiff the value thereof, but has ever since neglected and refused to pay the same to plaintiff, or any part thereof.

2. That in the year 1880, at Dalles City, in said county, a certain large and valuable lot of building material owned by the defendant and consisting of various kinds of lumber, accidentally fell into the Columbia river, and was about to be carried away by the water of said river; and the defendant being absent, the plaintiff, in order to save said lumber from being washed away and lost, at his own expense furnished help and did service in and about saving the same from being lost; and that the service so performed and procured by the plaintiff was of the reasonable value of $20 ; and the defendant received all of the advantage and benefit of said labor and service, and has ever since neglected and refused, and does still neglect and refuse, to pay plaintiff any sum whatever therefor.

3. That plaintiff furnished the defendant a door-lock, and did and performed labor and service in putting the same upon a door, in the year 1881, at the special instance and request of the defendant ; and that said lock, labor and service were of the reasonable value of $3.50; which sum defendant promised to pay the plaintiff, but has neglected ever since to pay the same or any part thereof.

4. Further complaining, the plaintiff alleges that heretofore, to wit, on the 16th day of October, 1880, at Dalles City, the plaintiff and the defendant entered into a certain contract in writing, whereby it was agreed between them, amongst other things, that the plaintiff should rebuild for the defendant a certain building on the north side of First or Main street in said Dalles City, which had previously fallen down; a copy of which written agreement is hereto annexed, and marked " Exhibit A." That thereafter the plaintiff was at all times ready and willing to perform the said agreement in all respects, but the defendant refused to submit the disputes there referred to, to the said arbitrators, or to arbitrate the same, and refused

to allow the plaintiff to rebuild the said building, or in any re-
spect to perform the said contract, or to pay the plaintiff for
rebuilding said building, and notified the plaintiff that he would
not allow him to perform said contract as to said building;
that plaintiff could have furnished all the materials required
by said contract to be furnished by him, and completed the
same, at a cost less than the amount then agreed to be paid for
said building by at least $900; and that by reason of the de-
fendant refusing to allow him to rebuild said building in ac-
cordance with the terms of said contract, and by reason of the
defendant's refusing to pay him therefor, in accordance with
the terms of said contract, plaintiff has suffered damages in the
sum of $900; and that "Exhibit B" hereto attached is a true
and correct copy of the previous contract referred to in "Exhib-
it A."

The defendant's answer denied all the material allegations of
the amended complaint, and then alleged a former adjudication
as follows :   "And for a further and separate defense to the
demands of the plaintiff, the defendant further alleges that on
the 28th day of July, 1881, he commenced an action in the
circuit court of the state of Oregon for the county of Wasco
against the plaintiff (Hugh Glenn), to recover damages for the
non-performance of a contract between the parties herein, dated
April 3, 1880; that the defendant therein (the plaintiff herein),
in his answer in said action, among other things, claimed the
sum of $3,560 against and from the plaintiff in said action for
money expended in and about the construction of said building,
and the purchase and procuring materials therefor.

"And also claimed damages in his said answer against the
plaintiff therein, for a breach of the contract between said
parties, dated the 16th day of October, 1880, and which is set
forth in the fourth paragraph of the complaint, and attached
to the complaint, marked 'Exhibit A'; that the said action
was finally adjudged and determined by this court at the March
term, 1883, of said court—to wit, on the 6th day of April,
1883—wherein the plaintiff in said action recovered a judg-
ment against the defendant therein (the plaintiff herein) for

the sum of $300 and costs of the action ; that in the said action all the matters and things in relation to the said building, and all the claims and demands of the plaintiff in this action (except for the item of $3.50 for one door lock specified in the third paragraph of the complaint), were fully determined and adjusted in the said action, wherein O. S. Savage was plaintiff and Hugh Glenn was defendant ; and the defendant herein pleads the same in bar of this action."

The reply denied the new matter contained in the answer. The trial resulted in a verdict and judgment in favor of the plaintiff for $450, from which judgment this appeal is taken. The appellant's assignments of error are as follows :

I. The circuit court erred in ruling that the defendant should not be permitted to introduce in evidence the record and judgment roll in the case of *O. S. Savage* v. *Hugh Glenn*, commenced, tried and determined in the circuit court of the state of Oregon for Wasco County, and in which a judgment was rendered on the 6th day of April, 1883, a copy of which record and judgment is attached to the bill of exceptions and marked " A," said judgment roll having been offered in evidence for the following purposes :

First. To show that the cause of action, if any there were, in favor of Hugh Glenn (the pl'ff) against O. S. Savage (the def't), arising on or out of any breach of the contract dated Oct. 16,. 1880, was set forth and pleaded in the answer of Hugh Glenn, and adjudicated and determined in said cause, and is now *res adjudicata.*

Second. To show that it was adjudged and determined in said action of *O. S. Savage* v. *Hugh Glenn*, that the defendant had no cause of action or counter claim against the said O. S. Savage, arising out of the agreement dated Oct. 16, 1880.

II. The said circuit court erred in ruling that the defendant should not be permitted to introduce in evidence the said record and judgment roll in the case of *O. S. Savage* v. *Hugh Glenn*, attached to the bill of exceptions and marked " A," for the following purpose :

To show that the defendant therein (the plaintiff herein) had set forth in his answer as follows:

" And the defendant avers that he expended in and about the construction of said building, and in the purchase of materials therefor, the sum of $3,560"; and that the fifteen segment window sash, of the value of $60, set forth in the complaint herein, were adjudicated and determined in said action of *Savage* v. *Glenn.*

III. The said circuit court erred in ruling that the defendant O. S. Savage should not be permitted to answer the following question asked him by his attorney while on the witness stand :  " Mr. Savage, about these sash you have testified to, you have already testified as to the value and number of them; state whether or not Mr. Glenn, in the former trials, claimed damages for making fifteen segment sash—in both of the former trials."

IV. The court erred in its charge to the jury, in giving the following instructions :

" In order to entitle the plaintiff to recover of the defendant for the lock and labor of placing the same on the door, you must be satisfied from the evidence that the plaintiff furnished the said lock and labor at the request of defendant, or of some one duly authorized on his behalf.  If the labor was done and the lock furnished by request of defendant, or some one in his behalf duly authorized to contract therefor, the plaintiff should be allowed what his said lock and labor were reasonably worth; otherwise, he should not be allowed anything on that claim."

V. The court erred in giving the following instruction to the jury :

" If, at the time the building fell, the plaintiff was in charge and looking after and caring for the building for the defendant as well as for himself, and after the building fell he took measures to protect the defendant's rights and interests by saving lumber used in the construction of the said building, and prevented it from floating away, he should be allowed such sum as his work and labor, and that furnished by him, were reasonably worth.  (Such lumber only as was used in the construction of the building and attached thereto belonged to Savage, and any lumber or material which may have been upon the

ground or in the building, but not attached to the building, be-
longed to Glenn.)   But if plaintiff furnished said labor for the
purpose of protecting his own interests, he cannot recover there-
for."

VI.   The court erred in giving the following instructions to
the jury :

"But if Glenn was prevented from erecting said building by
reason of Savage refusing to allow him to proceed with the
erection thereof, then Glenn would be entitled to recover such
damages as he has sustained by reason thereof; and the meas-
ure of damages in the case would be the difference between
the contract price, which was $6,000, and the amount it would
have cost plaintiff to have erected the building."

I will notice these several assignments of error in their or-
der.   The first assignment relates to the refusal of the court
below to allow the judgment in the case of *Savage* v. *Glenn*,
referred to in the answer, to be introduced in evidence, for the
purpose of proving that some of the matters sued for in the
action had been adjudicated in the former action between the
same parties.   On the argument, it was conceded by counsel
for the respondent that if the record offered in evidence showed
that the matter arising out of said contract of October 16,
1880, was in fact adjudicated in the former action, that adju-
dication is a complete defense to that part of the plaintiff's de-
mand in this action, whether the former adjudication was fa-
vorable to one party or the other.   An examination of Glenn's
answer in the former case discloses the fact that he claimed
damages in that action by way of recoupment or counter-claim,
and that the foundation of such claim was the contract of
October 16, 1880.   It is the same contract upon which the
plaintiff's fourth cause of action is predicated, and he also
sought by counterclaim to recover for the sash and lumber
mentioned in his first count in the present action.   Issue was
taken on these matters by the reply, and, so far as appears
from the record, they were fully tried and determined.   On
the first trial, plaintiff had a judgment for $2,050; on the
second, for $300.   The answer in that action admits that

Savage had paid Glenn $2,300 on said building contract, so that the reduction of the plaintiff's damages must necessarily have been by reason of some of the matters pleaded in the defendant's answer. The answer in that case specially alleged that by the failure and refusal of the plaintiff (said Savage) to have said building rebuilt under said contract of October 16, 1880, and his refusal to pay defendant therefor, the defendant Glenn has suffered damages in the loss of reasonable profits of constructing said building under said last-named contract the sum of $500, and the answer also contains a claim for the same number of sash and the same quantity of lumber—presumptively the same sued for in the first count in this action. It is therefore beyond question that the same identical matter which is now relied upon by the plaintiff to support his first and fourth causes of action was alleged and relied upon in his answer in the former action. It is true that the profits were alleged in the former action to be $500 and in this $900 ; but they are the same profits arising from the same breaches of the same contract, and are in all respects identical. This presents the simple question whether or not the judgment in the first action is a bar to the same matter pleaded by the plaintiff in this action.

There is no dispute as to the principle of law, that an issue once determined in a court of competent jurisdiction cannot be again litigated, and may be opposed as an effectual bar to any further litigation of the same matter by parties and privies. The contention is as to its correct application. A very brief examination of some of the authorities will illustrate the force and extent of the principle, as well as the manner in which it has been applied.

In *Caperton* v. *Schmidt*, 26 Cal. 479, it is said : "It will be seen from the rule as above stated, that the matter adjudicated, to become as a plea a bar, or as evidence conclusive, must have been *directly* in issue, *and not* merely *collaterally litigated*. It must be a fact immediately found according to the pleadings—not that on which the verdict was merely based—*a fact in issue as distinct from a fact in controversy*. (*Porter* v. *Baker*, 19 N. H. 166 : *McDonald* v. *B. R. W. & M.*

*Co.*, 15 Cal. 148.) And what constitutes a fact in issue, as distinct from a fact in controversy, is well illustrated in the case of *King* v. *Chase*, 15 N. H. 15–17 ; *Betts* v. *Starr*, 15 Conn. 552."

So in *County of Keokuk* v. *Alexander*, 21 Iowa, 377, it is said : " If, as a matter of fact, these items of account were specially identified and embraced in the causes of action of a former suit, and for some reason, although known to exist, were overlooked and not considered, they cannot in law be the ground of a second action."

So it is said in *Garwood* v. *Garwood*, 29 Cal. 514 : " The judgment of a court having jurisdiction directly upon the point in controversy is, as a plea a bar, and as evidence competent and conclusive, between the same parties and their privies. A fact or matter at issue is that upon which the plaintff proceeds by his action, and which the defendant controverts in his pleadings.".

So also in *Brockway* v. *Kinney*, 2 Johns, 210, it is said : " It was not shown that the plaintiff abandoned the charge for burning the lime before or at the trial. The charge, of course, went to the jury on the first trial, and took its chance with them. If they did not allow it for want of sufficient proof, or for any other cause, it was the plaintiff's misfortune. The verdict must be considered as conclusive between the same parties in regard to the same matter, otherwise it would in effect be permitting one jury to review the proceedings of another. If the plaintiff at the first trial had not chosen to hazard a verdict, he should have entered a *nolle prosequi* on the charge, or consented to a nonsuit."

So in *Barrett* v. *Failing*, 8 Or. 152, the rule is thus stated : " The judgment of a court of competent jurisdiction is not only conclusive on all questions actually and formally litigated, but as to all questions within the *issue*, whether formally litigated or not."

And the same case holds that it is not competent to prove by parol evidence that an issue made by the pleadings in the former suit was withdrawn from the consideration of a referee

before whom it was tried; and *Underwood* v. *French*, 6 Or. 66, is to the same effect.

So in *Green* v. *Clark*, 5 Denio, 497, it is said : " A general verdict of not guilty imports that the verdict was on the merits ; and parol evidence cannot be received to explain, qualify, or contradict what is thus shown by the record. That imports verity, and is conclusive evidence that the verdict in this case was on the merits."

Thus far, it seems clear that the judgment pleaded is a bar; but respondent's counsel insist that said judgment was not upon the merits as to the matter relied upon in this action; that the same was not considered; and they cite *Savage* v. *Glenn*, 10 Or. 440, which is the same case in which the judgment was afterwards rendered now relied upon as a bar. It is there said : " The case comes up on exceptions to certain instructions given to the jury, and on refusal to give certain instructions asked by appellant. The court instructed the jury in effect that the agreement of October 16th, 1880, could not be considered by them in estimating the damages. This view of that agreement was correct." And why could it not be considered? It was properly pleaded, and between the same parties, and the reason it could not be considered is not stated ; but it must have been upon the ground that the contract remained wholly executory, that neither party had done anything under it, and that it had ceased to be binding between them. But upon whatever ground this decision is placed, its effect was to conclude the parties. It decided that Glenn was not entitled to recover damages against Savage for the breaches of that agreement. If the jury had no right to consider that agreement in estimating damages in that case, it could never be considered in any case; and the decision of the court in that case, refusing to allow the jury to consider it in assessing damages, followed by a final judgment, and the pleadings remaining unchanged, in my opinion operated as a final and conclusive bar between the same parties on the same subject. And such seems to have been the ruling of the Supreme Court of Maryland, in *Beall* v. *Pearre, Admin'r*, 12 Md. 550. It is there said : " Under

these circumstances, Beall's counsel insists that in the rendition
of the former verdict it not only does not appear that the jury
passed upon the merits of this present claim, but it appears
that they did not.  Admitting (without deciding) this to be
true, why was it so?  The answer given to this question by
the party is, that the decision of the court necessarily withdrew
the consideration of this claim from the jury.  If, therefore,
the jury did not, the court *did*, decide upon it.  And we can
see no good reason why a decision of a court upon a claim in a
former action is not as effectual a bar to recovery in another
suit, upon the same cause of action as that of a jury." It fol-
lows that there was error in the ruling of the court, in exclud-
ing the record offered by the appellant.

Exceptions were also taken to the ruling of the court in giv-
ing to the jury an instruction touching defendant's liability for
the lock alleged to have been furnished.  The evidence on this
subject was to the effect that plaintiff put a lock on the door
of the " Inland Empire " building at the request of Judge
Whitten, who was acting as attorney for defendant; that a
quantity of printing material was held in the building on an
attachment issued in an action which defendant Savage had
commenced, in which case Judge Whitten acted as his attor-
ney, and that Judge Whitten requested this plaintiff to put the
lock on the door.  The lock was worth $2.50, and the labor in
putting it on $1.  The amount was charged to Whitten and
payment demanded of him, but he told the plaintiff that Savage
would pay the bill.  Based on this evidence, the court instruct-
ed the jury as follows:  " To entitle the plaintiff to recover
(for this item) they must be satisfied from the evidence that
the plaintiff furnished the lock at the request of the defendant
or of some one duly authorized on his behalf."  This instruc-
tion is open to several objections.  There was no evidence before
the jury tending to prove that the lock was furnished at defend-
ant's request, and this part of the charge was, therefore, abstract
and misleading.  (*Breon* v. *Henkle, ante,* p. 494.)  So the other
part of the charge, that the lock must have been furnished at
the request of some one duly authorized on his, defendant's be-

half, is not free from objection. If the lock was furnished at the request of some one assuming to act for or on behalf of the defendant, the nature and extent of his agency ought to have been proven, and the court could then have declared, as matter of law, whether or not it was sufficient to enable him to perform the particular act or not. It was clearly improper to submit to the jury the question whether he was *duly authorized* or not. The existence of an agent's authority is purely a question of fact; what he may do by virtue of it is a question of law; but the court here blended the questions of law and fact together, and submitted both to the jury. If the only authority that Whitten had was to act as an attorney for Savage in the prosecution of an action, I think the court ought to have charged the jury that he had no authority to contract for the purchase of a lock, or for work and labor on his behalf.

The fifth assignment of error is that the court instructed the jury that when the building fell down, if Glenn saved the lumber used in the construction of this building from floating away, then he was entitled to recover from Savage the reasonable value of his services, and for the services of his workmen employed in saving the lumber.

The facts enumerated in this instruction could not create a legal liability on the part of Savage. They may have been meritorious and probably beneficial to Savage, but this was not enough. To make him liable, he must either have requested the performance of the service, or, after he knew of the service, must have promised to pay for it. The great and leading rule of law is, to deem an act done for the benefit of another without his request as a voluntary act of courtesy, for which no action can be sustained. The world abounds with acts of this kind done upon no request; but would more abound with ruinous litigation, and the overthrow of personal rights and civil freedom, if the law was otherwise. (*Force* v. *Haines*, 17 N. J. L. 385.) The law will never permit a friendly act, or such as was intended to be an act of kindness or benevolence, to be afterwards converted into a pecuniary demand; it would be doing violence to some of the kindest and best effusions of the

heart, to suffer them afterwards to be perverted by sordid ava-
rice.    Whatever differences may arise afterward among men,
let those meritorious and generous acts remain lasting monu-
ments of the good offices intended in the days of good neigh-
borhood and friendship; and let no after circumstances ever
tarnish or obliterate them from the recollection of the parties.
(*Janes* v.  *O'Discall*, 2 Ray, 101.)

So in *Bartholomew* v. *Jackson*, 20 Johns. 29, it is said:
" The plaintiff performed the service without the privity or
request of the defendant; and there was, in fact, no promise
express or implied.   If a man humanely bestows his labor, and
even risks his life, in voluntarily aiding to preserve his neigh-
bor's house from destruction by fire, the law considers the ser-
vice rendered as gratuitous, and it therefore forms no ground
of action." Numerous other authorities are to the same effect.
(*Rens Glass Factory* v. *Reid*, 5 Cow. 587 ; *Lynch* v. *Bogy*,
19 Mo. 170 ;  *Watson* v. *Blaylock*, 2 Cost. [S. C.] 351; *Bailey*
v. *Gibbs*, 9 Mo. 45 ; *Jones* v. *Wilson*, 3 Johns. 434; *Beach* v.
*Vandenburgh*, 10 Johns. 360 ;  *Young* v. *Dibrell*, 26 Tenn.
270; *Lewis, Admin'r*, v. *Lewis*, 3 Strobh. 530.)   The court,
therefore, erred in giving the instruction mentioned in the fifth
assignment of error.   It follows that the judgment appealed
from must be reversed, and the cause remanded for a new trial.