JOSEPHINE C. DRAKE, Plaintiff, *v.* EDWARD C. BELL, Defendant.

(Supreme Court, Kings Special Term for Trials, February, 1899.)

Consideration — Moral obligation, created by antecedent value.

> In an action to foreclose a mechanic's lien it appeared that, after the plaintiff had contracted for the plastering and painting of her vacant house, the contractor by mistake repaired the vacant house of the defendant, who, upon being informed of it after the work was done, orally promised the contractor that he would pay him a reduced sum for the work. Defendant's house was benefited by such work to the value thereof. The contractor filed a lien against the defendant's house, and assigned it to the plaintiff.
>
> *Held*, that there was a sufficient consideration for the promise of the defendant; that a promise to pay for antecedent value, received by the promisor from the promisee, was binding, although there was never any obligation to pay which could be enforced.

THE plaintiff made a contract with a mechanic to repair her vacant house for $210. By his own mistake he went into the vacant house of the defendant next door and repaired it instead. He discovered his mistake after the work was done. He then informed the defendant. The work was done without the defendant's knowledge. It was all of an irremovable character like plastering and painting. The defendant looked over the work, and disclaimed responsibility,

but finally had the contractor reduce his bill to $194 and orally promised to pay him that sum. The work was of that value. The defendant's house which had stood vacant for lack of repair was benefited by such work to at least the value thereof, and by reason thereof was immediately let and became salable. The contractor filed a mechanic's lien against the house and the defendant as owner for the said work after the said promise, and assigned his claim against the defendant and his lien to the plaintiff. This is an action to foreclose the lien, &c.

Joseph M. Greenwood for plaintiff.

Thomas C. Whitlock for defendant.

GAYNOR, J.: The defendant was under no legal obligation to pay for the work. Nor is there any question of acceptance as of a chattel, for there was nothing capable of being rejected or taken away. Did, then, his promise bind him? Lord Mansfield with his keen perception, broad mind, and aversion to alleged rules of law resting on misunderstood or inadvertent remarks of judges, instead of on foundations of reason and justice, said in *Hawkes* v. *Saunders* (Cowp. 289), that " Where a man is under a moral obligation, which no court of law or equity can enforce, and promises, the honesty and rectitude of the thing is a consideration." *Buller, J.* said in the same case, " if such a question were stripped of all authority it would be resolved by inquiring whether law were a rule of justice, or whether it was something that acts in direct contradiction to justice, conscience and equity." If the rule so plainly stated by Lord Mansfield, that a moral obligation was of itself sufficient consideration for a subsequent promise, had been followed, the sole question in each case would be whether there was a moral obligation to support the promise. That would resolve the present case for the plaintiff. But it has not been always followed. I have examined the cases on the subject in England and here from the beginning. They are irreconcilable, and it would be no use to cite and review them.

But notwithstanding much stray remark by judges may be cited to the contrary, it seems to me that a promise to pay for antecedent value received by the promisor from the promisee binds, although there was never any obligation to pay which could be enforced. Why not? Such a case is not one of mere moral obligation resting

on no consideration received, if there can be any such abstract moral obligation. The case is one of moral obligation created by a past valuable consideration derived from another. For instance, a promise after coming of age to pay a debt incurred during infancy, and which cannot be enforced, or by a woman after coming discovert to pay a like debt incurred while covert, is binding (Southerton v. Whitlock, 1 Stra. 690; Cooper v. Martin, 4 East, 76; Lee v. Muggeridge, 5 Taunt. 37; Goulding v. Davidson, 26 N. Y. 604). On the other hand, a subsequent promise by a father to pay for the care of his adult son while sick among strangers, or of a son to pay for like care of his father, is not binding (Mills v. Wyman, 3 Pick. 207; Cook v. Bradley, 7 Conn. 57; Parker v. Carter, 4 Munf. 273), The distinction is that in the former class of cases there was past valuable consideration to the promisor, while in the latter not. The promise in the one class is not a naked pact, for it is not to pay something for nothing; while in the other class just that is the case.

There is much mention in opinions of judges of the learned reporter's note to *Wennall* v. *Adney* (3 Bos. & Pul. 247), which seems to be closely followed by another learned reporter's note to *Edwards* v. *Davis* (16 Johns. 281). It is construed to mean that only a subsequent promise which revives an obligation formerly enforcible either at law or in equity, but which has grown extinct, is binding. " But a mere moral or conscientious obligation, unconnected with any prior legal or equitable claim, is not enough ", is the rule reduced from the said note in a number of cases (as in Ehle v. Judson, 24 Wend. 97). And yet the same opinions say that the moral obligation " to pay a debt contracted during infancy or coverture, and the like ", is sufficient to support a subsequent promise; as though in such cases the moral obligation rested on a prior legal or equitable claim, which it does not. Such is true though of a promise to pay a debt barred by the statute of limitations or by a discharge in bankruptcy, which all of the cases hold to be binding.

The actual decisions most worthy of attention (not feeling bound by mere general remarks of judges and their citation) make two classes. In one of them the promise is held binding because based on a former obligation enforcible at law or in equity, which obligation it revives; in the other because the promisor though never under any such obligation nevertheless received an antecedent valuable consideration. Hence the rule seems to be that a subsequent promise founded on a former enforcible obligation, or on value previously had from the promisee, is binding.

Supreme Court, February, 1899. [Vol. 26.

It does not seem to me there is any actual decision in this state opposed to this.. Some decisions may seem to be until something more than the head note and bare opinion are considered. The actual decision cannot be broader than the actual facts. The promise in *Frear* v. *Hardenbergh* (5 Johns. 272) was by the owner of land to pay a trespasser in possession the value of his improvements if the owner prevailed in his action of ejectment then pending. The plaintiff had entered knowing that he had no title, and it was held that no moral obligation for the promise could arise out of the wilful trespass.

The language of the opinion in *Eastwood* v. *Kenyon* (11 Ad. & El. 438) is very large, but the point decided does not seem controlling of cases like the present one. After coming of age the woman promised to pay back moneys expended by her father's executor for her benefit upon her real property during her infancy. Having afterwards become covert, her husband promised to pay the same. An action against him on his promise was not sustained, the opinion saying: "If the ratification of the wife while sole was relied on, then a debt from her would have been shewn, and the defendant could not have been charged in his own right without some further consideration, as of forbearance after marriage, or something of that sort." The debt was the wife's, and while the husband was liable for it by the common law in an action against both of them, he was not liable in an action against him in his own right on his said *assumpsit.* The point is technical.

Chancellor Kent does not confine the validity of such promises to cases of past legal obligation, but extends it to cases of the existence of a prior consideration. He says it is an unsettled point whether a moral obligation is of itself " a sufficient consideration for a promise, except in those cases in which a prior legal obligation or consideration had once existed" (2 Com. 465).

I do not pretend that this question is free from doubt, but to use the words of Chief Justice Marshall, " I do not think that law ought to be separated from justice where it is at most doubtful" (Hoffman v. Porter, 2 Brock. 159), and that has no doubt influenced me some in reaching a conclusion.

Judgment for the plaintiff.