Argued 24 July; decided 13 August, 1900.

## EMISON *v.* OWYHEE DITCH COMPANY.

[ 62 Pac. 13.]

INSTRUCTION—ABSTRACT PROPOSITION.

1. It is reversible error to instruct a jury on an abstract proposition of law material to the case, when there is no evidence on that point: *Pearson* v. *Dryden*, 28 Or. 350, applied.

CONTRIBUTORY NEGLIGENCE—OVERFLOWING LAND.

2. Though the plaintiff, by her method of irrigation, caused surface water to accumulate on her low land, she could nevertheless recover against another for discharging quantities of water thereon and increasing her injury.

ALTERNATIVE PLEADING—MOTION.

3. It is always bad pleading to state facts hypothetically, alternatively or conditionally, though the authorities are not uniform as to the proper motion to correct the fault.

ERRORS MUST BE ASSIGNED.

4. To secure a consideration by the supreme court of an alleged error, the action or omission complained of must be assigned as error.

From Malheur : MORTON D. CLIFFORD, Judge.

37 OR.—37.

This is an action by Mary N. Emison against the Owyhee Ditch Co. to recover damages for the loss of crops alleged to have been caused by the defendant's negligence in permitting water from its ditch to overflow plaintiff's lands.    It is alleged in the complaint that the defendant owns and operates a ditch in Malheur County, Oregon, and is engaged in furnishing water to its customers for irrigation; that the plaintiff is the owner in fee of certain lands in said county, across the south end of which the defendant maintains and operates a waste way from its main ditch to conduct the surplus water therefrom; that in 1897, 1898, and 1899 the defendant so negligently constructed, maintained, and operated said waste way that the water escaped therefrom and overflowed plaintiff's lands, to her damage in the sum of $1,075.    The answer, having denied the material allegations of the complaint, averred "that heretofore, in the year 1896, the plaintiff, the K. S. D. Fruit-Land Co., the Nevada Ditch Co., and this defendant entered into a joint agreement, contract, and undertaking for the construction of a waste way or waste ditch from the Owyhee ditch, on the section line between Clark and the K. S. D. Fruit-Land Co. and the lands of the plaintiff, east to Snake River slough; that in pursuance of said agreement, contract, and undertaking, the said parties, jointly operating together, and for their mutual benefit and advantage, did proceed with the construction of said waste way or waste ditch as aforesaid, and did so build and construct the waste way or waste ditch mentioned and referred to in plaintiff's complaint; that, if any damage has been occasioned to any of the lands or crops of the plaintiff, it has so been caused, not by the acts, negligence, or conduct of the defendant, but by either the Nevada Ditch Co., the K. S. D. Fruit-Land Co., by the plaintiff herself, or by all of said parties."    The reply having put in issue

the allegations of new matter in the answer, a trial was had, resulting in a judgment for the defendant, and plaintiff appeals.                                         REVERSED.

For appellant there was a brief over the names of *Wm. H. Packwood, Jr., John L. Rand,* and *R. G. Wheeler.*

For respondent there was a brief over the names of *William Miller* and *Lionel R. Webster.*

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

1. An exception having been taken to the following instruction, it is contended by plaintiff's counsel that the court erred in giving it, to wit: "There is one other matter, gentlemen of the jury, that I desire to call your attention to, and that is, there is one place in this answer where the defendant alleges that, if any damage was occasioned to the lands of plaintiff, it was occasioned by the surplus water used by the plaintiff in irrigating. In other words, that is in the nature of contributory negligence,—that the plaintiff herself contributed to the damage. And, in that respect, I charge you that if the plaintiff, by carelessness or negligence in the management or care of her property, caused or contributed to her own damage, if she suffered any damage, she cannot recover any such damages in this action, and I instruct you that you should find for the defendant; that is, if any damages have been occasioned by her (the plaintiff) contributing to the damage herself." The testimony produced by plaintiff tends to show that she has, near the southern boundary of her farm, about fifteen acres of low land, which in 1897, 1898, and 1899 was covered for a short time each year with water from the defendant's waste way to a depth of from six inches to two feet,

destroying the crop thereon, and producing the injury of which she complains. She irrigates her crops by flooding the higher land with water, which is permitted to flow down upon and moisten the low tract, towards which about forty acres of her farm gradually slopes. Prior to the construction of the defendant's waste way in 1897, goods crops of alfalfa had been raised on this low land, upon a small part of which the water had once been known to accumulate. Plaintiff's witnesses testified that, while the seepage from the irrigation of the farm moistened, it did not supply too much water to, the low land, and that there was no surface water to be disposed of. Several witnesses called by defendant testified that they had irrigated land in the vicinity of plaintiff's farm, and that, in their experience, such land could not be irrigated without producing some seepage or waste water; and one witness, speaking of his own farm, said he was obliged to provide a means for the waste water to escape. The defendant called one Mulder as a witness, who testified that he was employed in 1897 and 1898 to irrigate plaintiff's land, and that the seepage water accumulated on the south end of the field, until it had all the water and probably more than was necessary. On his direct examination he was asked, "Was there some trouble about the accumulation of water on that low place?" to which he replied, "Not to my knowledge." On cross-examination, in answer to the question, "Was the water which stayed upon that bottom there caused by the water you used in irrigating the surrounding land, or was it caused from other sources?" he said, "I don't think that it was, nor that I caused the killing of the alfalfa."

This is the substance of the evidence respecting the surface water, and it will be seen that no testimony was introduced tending to show that the plaintiff's method of irrigating her farm caused the water flowing from the

higher land to appear on the surface of the low tract during 1897, 1898, or 1899. If the volume of surface water which overflowed the low land be regarded as the test of contributory negligence, the testimony fails to show that the plaintiff was responsible for any part thereof. The rule is well settled that when the court, in the absence of any evidence thereof, instructs the jury respecting a matter that is material to the cause, the charge is necessarily misleading and erroneous : *Breon* v. *Henkle*, 14 Or. 494 (13 Pac. 289); *Glenn* v. *Savage*, 14 Or. 567 (13 Pac. 442); *Woodward* v. *Oregon Ry. & Nav. Co.* 18 Or. 289 (22 Pac. 1076); *Knahtla* v. *Oregon Short Line Ry. Co.* 21 Or. 136 (27 Pac. 91); *Pearson* v. *Dryden*, 28 Or. 350 (43 Pac. 166). The instruction complained of not having been predicated upon any testimony, the court erred in giving it.

2.  The plaintiff had the undoubted right to irrigate her farm in any manner that suited her fancy, so long as she did not injure others in the enjoyment of this right, and, if it had appeared that her method of irrigation caused surface water to accumulate on her low land, such fact would not justify the discharge of quantities of water thereon to augment her injury ; and, notwithstanding she may have been injured in part by her own act, the defendant would be liable, at least in nominal damages, if by its carelessness the overflow of her land was increased, and hence the instruction was improper, even if it had been warranted by the testimony. In *Moakler* v. *Willamette Val. Ry. Co.* 18 Or. 189 (6 L. R. A. 656, 17 Am. St. Rep. 717, 41 Am. & Eng. R. R. Cas. 135, 22 Pac. 948), this court adopted from 4 Am. & Eng. Enc. Law (1 ed.), 17, the following definition : "Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence, and con-

tributing to the injury, as a proximate cause thereof, without which the injury would not have occurred." The plaintiff did not open the gate in defendant's waste way, nor break its ditch, thereby causing the water to overflow her premises, nor could she have prevented the injury by the exercise of ordinary care; and hence the instruction was erroneous in principle.

3. It is insisted by plaintiff's counsel that the court erred in overruling their motion to strike out the allegation in the answer to the effect that, if any damage was sustained by overflowing said land, it was occasioned by the plaintiff or the companies designated, on the ground that the averment is alternative and hypothetical. The rule is general that such a form of stating material facts in a pleading is bad: Heard, Steph. Pl. *387. "Such a pleading," says the editor of the Encyclopedia of Pleading and Practice (volume 6, p. 269), "is subject to a motion to make more definite and certain under the codes." In a note to section 317 in Bliss on Code Pleading (3 ed.), the author says: "The remedy for hypothetical pleadings is by motion to strike out."

4. Whatever the mode may be of correcting the vice in the pleading complained of, it is not necessary to consider; for the action of the court in overruling the motion, not having been assigned as error in the notice of appeal, must be treated as waived. It follows that the judgment is reversed, and a new trial ordered.

REVERSED.