## EDSON v. POPPE.

A subsequent promise to pay for digging and casing a well was supported by a sufficient consideration, where the well inured directly to promisor's benefit, and was not intended by promisee to be gratuitously made.

An assignment of error on the denial of a directed verdict cannot be considered where the evidence is not in the abstract.

Assignments of error, based on evidence, or objections to evidence not shown by the abstract, cannot be considered.

(Opinion filed, Jan. 12, 1910.)

Appeal from Circuit Court, Turner County. Hon. E. G. SMITH, Judge.

Action by George F. Edson against William Poppe. Judgment for plaintiff, and defendant appeals Affirmed.

*Edwin Lewis Brown* and *French & Orvis,* for appellant. *Jones & Jones* and *L. L. Fleeger,* for respondent.

McCOY, J.  The plaintiff recovered judgment upon the verdict of a jury in the circuit court.  The case was tried upon the following complaint: That the defendant at all the times hereinafter named was the owner of the following described premises situated in Turner county, S. D., to wit (describing the land) ; that at all the times herein named George Poppe was in possession of said premises as the tenant of defendant; that during the year 1904 this plaintiff, at the instance and request of said George Poppe, drilled and dug upon said premises a well 250 feet deep, and obtained water in said well, and placed casing therein; that the reasonable value of the digging and casing of said well was and is the sum of $250; that said well was and is a valuable improvement upon the said premises, and greatly adds to the value thereof, and has been used by the occupants of said premises since the said digging thereof, with the knowledge and consent of defendant; that on or about the 5th day of August, 1905, the defendant, at the said premises, after having examined the said well, and in consideration of the said well to him, and of the improvement it made upon said premises, expressly ratified the acts of his said tenant in having said well drilled, and then and there promised and agreed to pay plaintiff the reasonable value of the digging and casing of the said well

as aforesaid; that defendant has since refused, and still refuses.
to pay plaintiff anything for said well. Wherefore, etc. To the
said complaint defendant made the following answer: Denies
generally and specifically each and every allegation in said com-
plaint, except such as is hereinafter specifically admitted. De-
fendant admits that he is the owner of the said premises as
stated in the complaint. At the opening of the trial, and upon the
offer of testimony on the part of plaintiff, defendant objected
to the introduction of any evidence, for the reason that the com-
plaint did not state a cause of action, in that the consideration
alleged in the contract is a past consideration, and no considera-
tion for any promise, if any was made, and no consideration
for the promise alleged. The objection was overruled, and de-
fendant excepted. This ruling of the trial court is assigned and
now urged as error, but we are of the opinion that the ruling
of the learned trial court was correct.

It seems to be the general rule that past services are not a
sufficient consideration for a promise to pay therefor, made at a
subsequent time, and after such services have been fully rendered
and completed; but in some courts a modified doctrine of moral
obligation is adopted, and it is held that a moral obligation,
founded on previous benefits received by the promisor at the
hands of the promisee, will support a promise by him. 9 Cyc.
361; Doty v. Wilson, 14 Johns (N. Y.) 378; Oatfield v. War-
ing, 14 Johns. (N. Y.) 188; Glenn v. Savage, 14 Or. 567, 13
Pac. 442. The authorities are not so clear as to the sufficiency
of past services, rendered without previous request, to support
an express promise; but, when proper distinctions are made, the
cases as a whole seem to warrant the statement that such a
promise is supported by a sufficient consideration if the services
were beneficial, and were not intended to be gratuitous. Trimble
v. Rudy, 53 L. R. A., note p. 373, and cases cited. In Drake v.
Bell, 26 Misc. Rep. 237, 55 N. Y. Supp. 945, a mechanic, under
contract to repair a vacant house, by mistake repaired the house
next door, which belonged to the defendant. The repairing was
a benefit to the latter, and he agreed to pay a certain amount
therefor. It was held that the promise rested upon sufficient con-

sideration. Gaynor, J., says: "The rule seems to be that a subsequent promise, founded on a former enforceable obligation, or on value previously had from the promisee, is binding." In Glenn v. Savage, 14 Or. 567, 13 Pac. 442, it was held that an act done for the benefit of another without his request is deemed a voluntary act of courtesy, for which no action can be sustained, unless after knowing of the service the person benefited thereby promises to pay for it. In Boothe v. Fitzpatrick, 36 Vt. 681, it is held that if the consideration, even without request, moves directly from the plaintiff to the defendant, and inures directly to the defendant's benefit, the promise is binding though made upon a past consideration. In this case the court held that a promise by defendant to pay for the past keeping of a bull, which had escaped from defendant's premises and been cared for by plaintiff, was valid, although there was no previous request, but that the subsequent promise obviated that objection; it being equivalent to a previous request. The allegation of the complaint here is that the digging and casing of the well in question inured directly to the defendant's benefit, and that, after he had seen and examined the same, he expressly promised and agreed to pay plaintiff the reasonable value thereof. It also appears that said well was made under such circumstances as could not be deemed gratuitous on the part of plaintiff, or an act of voluntary courtesy to defendant. We are therefore of the opinion that, under the circumstances alleged, the subsequent promise of defendant to pay plaintiff the reasonable value for digging and casing said well was binding, and supported by sufficient consideration. We are also of the opinion that the instructions based on this complaint, and in particular as to the validity of the subsequent promise of defendant, properly submitted the issues to the jury.

At the close of plaintiff's evidence, and again at the close of all the evidence on both sides, defendant moved for a directed verdict. Both motions were overruled. Defendant excepted, and now assigns such rulings as error; but, as the evidence is not contained in the abstract on which these motions were based, the assignment cannot be considered. Neither can we consider

assignments of error based on evidence or objections to evidence not shown by the abstract.

Finding no error in the record, the judgment of the circuit court is affirmed.

SMITH, J., took no part in this decision.