THOMAS M. GREEN *vs.* WILLIAM H. EARLY and WIL-
LIAM H. TOWNSHEND, Garnishees of JOHN E. ROBEY
and JOSEPH N. BADEN, trading as ROBEY & BADEN.

*Article 45, section 1, of the Code—Husband and Wife—Assign-
ment by Wife of property acquired from her Husband in preju-
dice of his Creditors, invalid against them—Constructive Notice.*

On the 2nd of May, 1870, B. and wife conveyed to T. certain lands in Prince
George's County, the deed on its face showing them to be the proper estate
of B. At the same time T. executed a mortgage of the same, referring to the
deed for title, and single bills for the unpaid purchase money, both mort-
gage and bills being payable to B's wife. Three days after, B. and wife
assigned the mortgage, and the wife, in presence of her husband, assigned
the bills to E. for valuable consideration. The mortgage and assignment
thereof were recorded on the 11th of May, 1870. On the 28th of May, a
creditor of B., having a judgment in Calvert county, anterior to the sale,
caused an attachment to be issued thereon, directed to the sheriff of Prince
George's county, which was laid in the hands of T. and E. as garnishees.
HELD:

1st. That T. was the only proper garnishee, and that E. should have inter-
vened simply as claimant.

2nd. That the making of the mortgage and single bills to the wife was an
acquisition of property by her from her husband, and, (under Art. 45, sec.
1, of the Code,) not valid in prejudice of the claim of the attaching creditor.

3rd. That through the mortgage and the deed referred to by it, E. had notice
that the land was sold as the estate of the husband.

4th. That E., as assignee, could not stand in any better predicament with
respect to the husband's creditors than the wife herself.

5th. That E. was bound to know that the property was liable for the husband's
debts, and was put upon inquiry as to their existence and extent.

Where a purchaser has notice of a deed affecting property to be purchased, he
has notice of the contents of that deed and of all other deeds to which it
refers.

Whatever is sufficient to put a purchaser upon inquiry is good notice.

Green *vs.* Early and Townshend, Garns.

Where an assignee takes an assignment, with knowledge that his assignor bore a particular relation to the party from whom he acquired his title to the subject-matter assigned, if the title should be impeached by reason of such relation, the assignee is required to defend the assignment as if he himself stood in such relation.

APPEAL from the Circuit Court for Prince George's County.

The judgment on which this attachment was founded, was recovered against Joseph N. Baden, and another in Calvert County at the February Term, 1870; the attachment was issued on the 28th of May, 1870, directed to the sheriff of Prince George's County, and filed in the Circuit Court thereof, on the 31st of May. Joseph N. Baden, by deed in which his wife joined, conveyed his lands in Prince George's County to Townshend on the 2nd of May, 1870. The simultaneous mortgage and single bills for the unpaid purchase money were made payable to his wife, and the mortgage was assigned by her and her husband to Early, on the 5th of May, 1870; the single bills being at the same time assigned by Mrs. Baden in the presence of her husband. The mortgage and assignment were recorded on the 11th of May, 1870. The attachment was laid in the hands of both Early and Townshend, who appeared and pleaded *nulla bona*. It will be noted that the judgment was not recorded in Prince George's County before the sale of the land. The other pertinent facts appear in the opinion of the Court.

The case was tried before the Court, without a jury, and judgment being for the defendants, the attaching creditor appealed.

*Exception.*—At the trial below, the plaintiff offered four prayers, all of which were rejected by a divided Court; FORD, A. J., being in favor of granting them, and MAGRUDER, A. J., in favor of rejecting them. The first prayer, which alone was considered by this Court, is as follows:

"That if the Court shall find that Joseph N. Baden, on or about the 2nd day of May, 1870, sold the real estate mentioned in the deed of that date, offered in evidence, to Wm. H. Townshend, one of the garnishees, for seven thousand dollars; that Townshend paid at the time twenty-seven hundred dollars of the purchase money to the said Baden, and executed the five single bills and mortgage offered in evidence to Edwardina Baden, the wife of the said Joseph N. Baden, for the balance of the purchase money, by the consent and direction of the said Joseph N. Baden; and if they further find, that prior to the time of the execution of the said deed and mortgage, the said Joseph N. Baden was indebted to the plaintiff for his judgment mentioned in the attachment, and also to the witness James S. Morsell, in the sum of nine hundred and fifty dollars, and promised to pay the said Morsell, his said claim out of the proceeds of the land when the sale was consummated, and did not pay him; and if they further find, that at the time of the execution of the deed and mortgage aforesaid, that the said Joseph N. Baden had no other property out of which the plaintiff's judgment could be made, and at the time of the sale of the said land had removed to Washington City, that then the said notes and mortgage are invalid as against subsisting creditors of the said Joseph N. Baden, and the plaintiff is entitled to judgment of condemnation against the said Wm. H. Townshend, for the amount of his said judgment and interest thereon, although they may find that the said single bills and mortgage were assigned to the said Wm. H. Early for a valuable consideration, by Edwardina Baden, before the attachment issued in this case; and although they may further find that the said Joseph N. Baden was present at the time the said notes were assigned to the said Wm. H. Early by the said Edwardina Baden, and the said money was paid by the said Early to the said Joseph N. Baden and Edwardina

Baden jointly; and although they further find the said Joseph N. Baden signed the assignment at the foot of the said mortgage.''

The defendants offered six prayers, all of which were rejected by the Court. The third prayer, which was rejected by a divided Court, (MAGRUDER, A. J., being in favor of granting it, and FORD, against it,) was as follows:

''If the Court shall find from the evidence, that on the 2nd day of May, 1870, the said Joseph N. Baden, one of the said defendants, sold to the said Wm. H. Townshend his real estate in Prince George's County, for $7000, and at the time of sale, said Townshend paid him $2700, part of the purchase money therefor, and by agreement of said parties the said Baden and Edwardina his wife, executed to said Townshend a deed in fee-simple for said property, and took from the said Townshend a mortgage to secure the balance of the purchase money in the name of the said Edwardina Baden, and at the same time the said Townshend executed five single bills to the said Edwardina Baden for the sum of $875 each, with interest from date, as is set forth in said mortgage; and if they further find that on the 5th day of May, 1870, said mortgage was duly assigned by said Edwardina Baden and the said Joseph N. Baden her husband, to a certain Wm. H. Early, for a valuable consideration, without notice of subsisting creditors and in good faith, and the said assignment was placed on record in the clerk's office of the Circuit Court for Prince George's County, and also that the said Edwardina Baden, in the presence of her said husband, and with his consent, at the same time assigned said single bills, given for said purchase money, to the said Wm. H. Early, and that the said Early paid to said Baden and wife the consideration for said single bills; and further, that the attachment in this case was not issued from the Circuit Court for Calvert County, until

the 28th day of May, 1870, and was not received and filed by the clerk of the Circuit Court for Prince George's County until the 31st day of May, 1870, at which time it was placed in the hands of the sheriff of said last named county, and that the said writ of attachment was not laid by the said sheriff in the hands of Wm. H. Townshend until the 8th day of June, 1870, then the title to said mortgage and said single bills, and also all the right, title and interest of said Joseph N. Baden and Edwardina his wife, in and to said lands, had vested in the said Wm. H. Early, and the plaintiff is not entitled to recover."

To the Court's refusal to grant the plaintiff's prayers, and the rejection of the same by a divided Court, the plaintiff excepted.

The second exception of the plaintiff was to the entry of judgment for the defendants by the Court, after the rejection of the plaintiff's prayers by a divided Court. This, not being referred to in the opinion, it is not deemed necessary to insert.

The cause was argued before BARTOL, C. J., BOWIE, ALVEY and ROBINSON, J.

*R. B. B. Chew* and *Daniel Clark,* for the appellant.

*Joseph K. Roberts, Jr.* and *Fendall Marbury,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

By the return to the attachment, Early is made a garnishee with Townshend, whereas, he should have intervened simply as claimant, if he desired to contest the plaintiff's right of condemnation. He is not the party in whose hands the credits are found, but is the party claiming them to be due from Townshend to himself, and

therefore he insists that they are not liable to be attached and condemned for the payment of the plaintiff's judgment against Baden. Townshend, the debtor, is the only proper garnishee, according to the facts of the case, and if the plaintiff be entitled to judgment of condemnation, it must be against Townshend alone.

The case was tried before the Court below, without the aid of a jury, and judgment was rendered for the defendants, Early and Townshend, in consequence of a divided Court upon the questions of law as presented by the prayers of the respective parties. And without reciting all the facts, it is sufficient to say, that, if we assume the facts to be true, as stated and conceded, as well by the third prayer of the defendants, as in the first prayer of the plaintiff, the latter would be entitled to judgment of condemnation as against Townshend.

Baden, the judgment debtor, had sold his real estate to Townshend, and conveyed it by a joint deed of himself and wife, and at the same time, for balance of purchase money, took from the vendee, Townshend, a mortgage of the same land to the wife, together with certain single bills, payable at different dates, also to the wife. Three days after this transaction, the mortgage and single bills were all assigned to Early, the assignment on the mortgage being signed by both husband and wife. The mortgage, with the assignment on it, was soon thereafter placed on record by Early. The mortgage states on its face that it was given for balance of purchase money, and refers to the deed as conveying the land embraced by the mortgage. The deed states on its face the derivation of title, and shows plainly that the land sold and conveyed to Townshend was the proper land and estate of Baden, the husband, and not that of his wife, to whom the mortgage and single bills were executed, by the authority and direction of the husband. This being the case, the making of the mortgage and single bills to the wife, was

plainly an acquisition of property by her from her husband, and consequently is not *valid*, if it be "in prejudice of the rights of his subsisting creditors." *Code, Art.* 45, *sec.* 1. It is not denied that the plaintiff was a subsisting creditor of the husband at the time of these transactions.

It is clear we think that Early must be taken as having had notice of all the facts disclosed by the mortgage, and also by the deed recited in it. For the principle is, that where a party has notice of a deed, or other instrument, as, in this case, of the mortgage, which, from the nature of it, must affect the property, or is otherwise informed at the time that it does affect it, he is considered to have notice of the contents of that deed, and of all other deeds to which it refers; and whatever is sufficient to put a purchaser upon inquiry is good notice; that is, where a man has sufficient information to lead him to a fact, he is deemed to be conusant of it. *Price & Bevans vs. McDonald*, 1 *Md.*, 403.

The information imparted by the mortgage and deed was, that the land was sold as the estate of the husband, and not the wife, and that the mortgage and single bills had been given as security for part of the purchase money due the husband on the sale, though made, by his direction, to the wife. And now the question is, can the assignee, under the circumstances, taking the mortgage and single bills from and through the wife, stand in any better predicament, with respect to the husband's creditors, than the wife herself, if she had not assigned the securities? We think he cannot.

Taking the assignment from the wife, with knowledge of her relation, and the manner in which the subject-matter of the assignment was acquired by her, the assignee could acquire no better title than the wife held. The same conditions and infirmities that attached to the title while held by the wife, followed and adhered to it

in the hands of the assignee ; and as the Code, while allowing a transfer of property from husband to wife, declares that all such transfers shall be invalid, if to the prejudice of the rights of subsisting creditors of the husband, it would seem clearly to follow, that the property in this case assigned by the wife, may be seized and applied by the plaintiff, a subsisting creditor of the husband, if he be prejudiced, as if no transfer of the property had ever been made by the husband to the wife. This results from a plain construction of the statute ; and it is not only the plain construction, but the only just and equitable one for the protection of existing creditors, who might otherwise be defrauded of their rights.

This case in principle is not unlike that where an assignee takes an assignment with knowledge that his assignor bore a particular relation to the party from whom he acquired the title to the subject-matter assigned. In such case, if the title should be impeached by reason of the existence of such relation, the assignee is required to defend the assignment just as if he himself bore the particular relation or character of the assignor. As an instance of this, we may refer to the case of *Moloney vs. Kernan*, 2 *Dru. & War.*, 31, where it was held by Lord Chancellor SUGDEN, that a party who took an assignment of a lease from the agent of the lessor, with notice of the assignor's character as agent, had the same liability of sustaining the lease cast upon him that the agent had, and as the lease could not be sustained by the agent, because he could not show that he had imparted full information to his principal, the lessor, so neither could it be supported by the assignee of the agent. So here, the transfer from the husband to the wife being liable to impeachment by the creditors of the former, by reason of the particular relation of the parties, and the assignee of the wife taking the assignment with knowledge of the relation, and that the title assigned to him was subject

to such impeachment at the time of the assignment, he is not entitled to occupy a more favorable position in reference to the property than the wife herself, from whom the assignment is taken; and if she could not defend the property against her husband's creditors, neither can her assignee with notice.

But it is urged for the defendants that Early had no notice of the existence of the plaintiff's debt for which the property assigned is now sought to be made liable, and that the want of such notice should constitute a defence to the attachment. It is clear, however, that such want of notice affords no protection in a case like this. He was bound to know that the property was liable to the husband's debts, if there was no other sufficient property with which they could be paid; and with this knowledge he was put upon inquiry as to the existence and extent of the debts for which the property might be liable. This is well exemplified in the case of a purchase of a devise of a deceased debtor, as in the case of *Gibson vs. McCormick*, 10 *Gill & John.*, 65. In such case, the purchaser is bound to take notice of the existence of claims against the deceased, and the state of the personal assets. He cannot defend his title upon the ground that he had no notice of debts, or the insufficiency of the personal estate to pay them. In the case just referred to in 10 *Gill & John.*, 65, in disposing of the defence of a purchaser of part of the deceased's real estate from his devisee, that the purchase was for value, and without notice of debts, or that the personal estate was insufficient to pay them, the Court said: "On the existence of such protection, abstractedly considered, we mean to express no opinion, but to its existence in the circumstances under which it is here claimed, we cannot yield our assent. It is apparent from the answer of Lloyd, and his conveyance from Fayette Gibson, that at the time of the conveyance, he knew that Fayette Gib-

son acquired title to the land conveyed, as devisee of his deceased father, Jacob Gibson; and whether such fact was actually known to him or not, is immaterial; the law imputes such knowledge as necessarily acquired in the examination of the title to the property conveyed to him, and also imputes to him the knowledge of the provisions of the Act of 1785, ch. 72, sec. 5, which made Jacob Gibson's real estate chargeable with the payment of his debts in the event of his personal estate proving insufficient therefor. Possessing this knowledge, he was put upon the inquiry; it was his duty to have ascertained whether the personal estate was sufficient for the payment of the debts of the deceased."

The analogy between the case just cited, and the present, is very strong. In both, the property passed into the hands of the purchaser or assignee subject to the rights of creditors declared by statute, and with reference to which rights. the purchase or assignment must be taken to have been made.

We are of opinion, therefore, that the plaintiff's first prayer should have been sustained; and as this would seem to dispose of the case, we deem it unnecessary to say anything in regard to the plaintiff's other prayers.

We shall reverse the judgment, and award a new trial.

*Judgment reversed, and*
*new trial awarded.*