GUSTAVE GRADERT, Administrator of the estate of Neils Jorgensen, Appellant, v. CHICAGO & NORTH WESTERN RAILWAY COMPANY.

**Who is Passenger:** WHAT TERMINATES THE RELATION. Where one goes to a depot to take passage on the way-car of a freight train and being advised by defendant's agent that he may ride on the same, and, going to the place where passengers for that train are ordinarily received, enters the car, having a ticket, he becomes a passenger, and does not cease to be one when he leaves the car merely to avoid the collision of a train running into the rear of said car, being injured by the collision after getting out.

EVIDENCE. That a passenger left the way-car of a freight train merely to avoid the collision of a train running into the rear of the car may be inferred from testimony that he ran out of said car and onto the flat car in front of it just as the collision occurred.

**Jury Question:** COURT AND JURY. *Directing verdict.* The weight of evidence is to be determined by the jury, though opposed to the testimony of one witness is that of many others.

*Appeal from Crawford District Court.*—HON. S. M. ELWOOD, Judge.

WEDNESDAY, OCTOBER 25, 1899.

ACTION at law to recover damages for the death of Neils Jorgensen, resulting from a collision on defendant's line of road at the town of Denison. Trial to a jury. At the conclusion of the evidence the court directed a verdict for defendant, and plaintiff appeals.—*Reversed.*

*George Richardson* and *J. P. Conner* for appellant.

*Hubbard, Dawley & Wheeler* for appellee.

DEEMER, J.—The deceased, who lived at or near the town of Vail, in Crawford county, desiring to transact some business at Denison, purchased a ticket at Vail to Denison and return, and immediately left for the latter place. After concluding his business he went to the depot, intending to take a freight train known as "No. 24" from Denison to his home. The train arrived at Denison, and stopped in such position as that the way car was some ten rods west of the depot. Deceased asked the defendant's day operator if he could ride on the train, and was informed that he could. He thereupon went to the way car and got upon the front platform. Whether or not he entered the car is a matter of dispute. The way car stood at a place where passengers ordinarily got on and off, and we are satisfied there was such an invitation to enter the car as that if he did so he became a passenger. Shortly after the deceased went to the car, another train, known as "No. 26," coming from the west at a high rate of speed, ran into the rear end of the way car which deceased entered or was intending to enter, tearing it to pieces and derailing some of the flat cars which were in front of the way car. The collision resulted in the death of Jorgensen. There is a serious dispute in the evidence as to where the deceased was when the collision occurred. Plaintiff contends that he was in the way car, and was in the act of making his escape by running onto one of the forward flat cars at the time the collision occurred, while defendant insists that the evi-

dence shows without dispute that he never entered the way car, but had taken his position on one of the flat cars, and was standing there when the accident happened. Defendant further contends that deceased was warned of his danger from the approaching train in time to escape, and that the death of the deceased was due to his own negligence.

In support of the ruling of the trial court it is contended that, as deceased never entered the way car, he did not become a passenger, and that the defendant owed him no active duty. Two propositions are relied upon by appellee: (1) That the deceased did not become a passenger upon its train; and (2) that he was guilty of contributory negligence. In solving these questions, we must take that view of the case most favorable to plaintiff. There is evidence tending to show that when the deceased went to the depot at Denison he inquired of defendant's agent if he could ride upon the train which he afterwards boarded, and was informed that he could; that deceased then started west, and got upon the platform of the way car, which was standing at a place where passengers were ordinarily received and discharged. On this point defendant's agent said that he told Jorgensen that he had better stay where he was, as the train was going to pull up, and that the way car would be opposite the depot. But this same witness said on cross-examination that he "saw Mr. Jorgensen go down there to take the train to go east. I have seen passengers get on and off the way car down where it was. They generally get on and off there. I never heard of any objections. I was not making the point with him that he could not get on any place except the platform, but was making the point that he did not have to walk down there; if he would wait, the train would back up on the side track, and he could get on there." There can be no question then but that the jury may have found that deceased was justified in boarding the car where he did. If he in fact boarded

the car, he became a passenger, and should be so treated, unless the evidence shows that he voluntarily annulled that relation by stepping aside for some purpose of his own. That he did not do this the jury may have found from the evidence of one of plaintiff's witnesses who testified that he saw the deceased run out of the way car, and onto and upon the flat car, just as the collision occurred. This witness is quite positive in his statements, and, while a great number of witnesses gave evidence the other way, we do not think it is 'a case for the application of the rule announced in *Meyer v. Houck*, 85 Iowa, 319. It is more nearly akin to *Phillips v. Phillips*, 93 Iowa, 615, where we announced the following rule: "While the trial court may determine as to whether the contestants have given evidence sufficient to support a verdict if one should be returned in their favor, it could not, under the rule announced in case of *Meyer v. Houck*, pass upon the question as to whether the preponderating weight of all the evidence is in favor of or against the contestants. This is a question always for the jury. So it is for the jury to determine as to the weight of the evidence, though there be one witness testifying on one side to certain facts, and many witnesses on the other side testifying to a contrary state of facts. It is not the province, in such a case, of the court to pass upon the credibility of the several witnesses, and to say which one told the truth, or that the story of one is more likely to be correct than that of another. The ruling laid down in the *Meyer Case* does not justify any such contention. To do so would be equivalent to doing away with jury trials." It must not be forgotten that deceased went to the depot for the purpose of taking the train; that he went to the place where passengers for that particular train were ordinarily received; that he entered upon the train, and had a ticket authorizing him to ride to the town of Vail. If he had been injured while mounting the steps of the way

car, or while passing from the platform into the car, there would be no doubt of his right to recover. When he mounted the steps and went upon the platform of the car with the implied consent of the carrier, he became a passenger; and, as he did not leave the train for any purpose of his own, he did not cease to be a passenger when he went on the flat car. His going on this car is only material in view of the circumstances shown by this record on the issue of contributory negligence. That issue was, under the facts disclosed, purely a question of fact for the jury. That body may have found that the position of the deceased did not in any manner contribute to his injury. The cases cited by appellee are not in point. As sustaining our conclusions, see Hutchinson Carriers, p 657; *Keith v. Pinkham,* 43 Maine, 501; *Moakler v. Railway Co.,* 18 Or. 189 (22 Pac. Rep. 948); *Doggett v. Railway Co.,* 34 Iowa, 284; *Allender v. Railroad Co.,* 37 Iowa, 264; *Buffett v. Railroad Co.,* 40 N. Y. 168; *Parsons v. Railroad Co.,* 133 N. Y. 355 (21 N. E. Rep. 145); *Poucher v. Railroad Co.,* 49 N. Y., 263. The trial court was in error in directing a verdict, and its judgment is REVERSED.