CARL SCOTT by his next friend, Appellant, v. ST. LOUIS, KANSAS & NORTHWESTERN RAILWAY COMPANY.

**Railroads:** STATEMENTS OF BRAKEMAN. Where a street was blocked by a freight train of defendant company, and plaintiff was told by the brakeman to pass through, that he had plenty of time, and in attempting to do so was injured, such statement of the brakeman was binding on the company. While neither an invitation nor a command, it was a statement of fact of which a stranger might properly believe the brakeman had knowledge.

RIGHT TO RELY UPON: *Jury question.* Where the street was blocked by a freight train of defendant company, and plaintiff was told by the brakeman to pass through, that he had plenty of time, and while attempting to do so the engine backed, and plaintiff was injured, the question whether the plaintiff had reasonable ground to believe that the train would not move was for the jury.

TRESPASS: *Jury question.* Where plaintiff, in going to the freight house on business, used a path generally used by pedestrians in going to that place, the fact that, owing to the path being blocked by a freight train, he deviated from the path in order to get to the end of the car which barred his way, did not make him a trespasser, as a matter of law, but the question should have been submitted to the jury.

DUTY TO TRESPASSER. Where plaintiff was injured by climbing through a freight train which blocked his path, after assurance of the brakeman of the defendant that he had plenty of time, the fact that he was a trespasser did not relieve the company from liability.

**Evidence:** EXCLUSION: *Contradiction on same side.* Where plaintiff, a boy of 16 years, testified that he would not have attempted to go through the freight train which blocked the street if the brakeman had not assured him that he had plenty of time, evidence offered by him that he was not familiar with the

danger incident to the act was properly excluded, since it contradicted plaintiff's own testimony.

DECLARATIONS OF BRAKEMAN: *Conclusions.* Where plaintiff was told by the brakeman that he had plenty of time to pass through a freight train that blocked the street, and was injured in attempting to do so, evidence that the brakeman, two minutes after the accident, said to plaintiff, "You are not to blame for this; you are innocent," was properly excluded as a conclusion of the witness.

Directed Verdict: REVIEW ON APPEAL. Where the trial court, at the close of the evidence, directed a verdict for defendant, the court, on appeal, is limited to whether the plaintiff's evidence, if submitted to the jury, would warrant a verdict in his favor, and cannot pass on the weight of the evidence or the credibility of the witnesses.

*Striking abstract.* Where the trial court directed a verdict for defendant at the close of the evidence, a motion to strike plaintiff's abstract from the files, because it did not contain all the the testimony of defendant's witnesses, will not be granted, since the evidence of plaintiff, only, was necessary to pass on the validity of the verdict.

*Appeal from Keokuk Superior Court.*—HON. RICE H. BELL, Judge.

MONDAY, OCTOBER 8, 1900.

ACTION to recover damages for personal injuries. When the testimony was all in, on motion of defendant, a verdict was directed in its favor. From a judgment thereon, taxing costs to plaintiff, he appeals.—*Reversed.*

*F. M. Ballinger* and *A. L. Wilson* for appellant.

*H. H. Trimble, Palmer Trimble,* and *James C. Davis* for appellee.

WATERMAN, J.—Defendant owns and operates a railway through the city of Keokuk. Its main track runs at the foot of the bluffs upon which the principal portion of the

city is built. A number of streets cross this track, and extend to the bank of the river. Among these is Bank street, which leads to the freight house of the Keokuk & Western Railway, another line passing through the city. On December 12, 1896, plaintiff, then aged 16 years, and temporarily employed in the Eagle Hotel as porter, started to go on an errand to the Keokuk & Western freight house. When he reached the Bank street crossing of defendant's road, he found his way blocked by a freight train of some 40 cars, with an engine attached, which was standing across the street, and which extended almost an equal distance either way from the crossing. Plaintiff was in company with three other boys at the time. When the crossing was reached, two of these boys climbed through the standing train between the cars. There was a brakeman on top of the train, and to him plaintiff spoke, asking, "How long are you going to let this stay?" The brakeman replied, "Just go on, kid; go on through, you have got plenty of time." Plaintiff climbed up between two cars, intending to pass through, but as he stepped on the bumper of a car the train moved backwards, and he slipped so that his foot was caught and crushed to such an extent as to permanently disable him. An ordinance of the city of Keokuk made it a misdemeanor for any railway company to block a street crossing with a standing train for a longer continuous period than five minutes. And when such trains were opened at crossings for the passing of persons or vehicles it was provided they should not be again connected for 15 minutes. This train had been standing on the crossing more than 5 minutes when plaintiff was hurt. There was also an ordinance of said city which required the bell to be sounded, within certain limits, when a locomotive was in motion, and the Bank street crossing was within these limits. The bell was not sounded when this train moved back. The facts we have stated are those most favorable to plaintiff. In many important particulars they are disputed.

For instance, defendant offered evidence to show that the train was in motion when plaintiff attempted to pass between the cars. But we must, in cases like this, take the evidence most favorable to appellant, and, if that makes a case for the jury, he is entitled to have it passed upon by them. We cannot determine as to the weight of the evidence nor pass upon the credibility of the witnesses. In *Gradert v. Railway Co.*, 109 Iowa, 547, we quoted and approved the following language used in *Phillips v. Phillips*, 93 Iowa, 615: "While the trial court may determine whether the contestants have given evidence sufficient to support a verdict, if one should be returned in their favor, it could not, under the rule announced in *Meyer v. Houck*, 85 Iowa, 319, pass upon the question as to whether the preponderating weight of all the evidence is in favor of or against the contestants. This is a question always for the jury. So it is for the jury to determine as to the weight of the evidence, though there be one witness testifying on one side to certain facts, and many witnesses on the other side testifying to a contrary state of facts. It is not the province, in such a case, of the court to pass upon the credibility of the several witnesses, and to say which one told the truth, or that the story of one is more likely to be correct than that of another. The ruling laid down in the *Meyer Case* does not justify such contention. To do so would be equivalent to doing away with jury trials."

It is claimed by defendant that, in any view of the case, it is not shown to have been negligent; that the stopping of the train on the crossing was not the proximate cause of the accident; and that its backward movement was but a few inches in distance, for the purpose of taking up slack, and was not such a movement as necessitated a warning, under the ordinance which required the bell to be rung. Without intending to be understood as assenting to the correctness of these propositions, we may say these are not the only

matters of negligence averred. The conduct of the brakeman is complained of also. The brakeman was employed in aiding in the movement of the train. To some extent he would necessarily have knowledge of what was to be done with it. A stranger might properly suppose that he had the knowledge which he assumed to possess. If, then, the brakeman knew the train might move at any instant, or if he did not know that it would remain standing for a sufficient time to enable plaintiff to pass through, he was negligent in making the statement he did to plaintiff, and his negligence will be that of the company.

It is thought that what the brakeman said was not within the scope of his duty, and not binding on the company. We are not to treat his remark to plaintiff as an invitation or a command, but as a statement of fact, of which a stranger might properly consider he had knowledge. As such, his conduct bound the company. The general rule, governing the liability of a master for the torts of his servant, settle this matter in plaintiff's favor.

What we have just said applies also to the issue of contributory negligence. It would not necessarily be negligent for plaintiff to have passed between these cars, had they not been liable to move. Whether he had reasonable ground to believe they would remain stationary was for the jury. We get but little aid, save in general principles, from the cases. See, however, *Burger v. Railroad Co.,* 112 Mo. Sup. 238 (20 S. W. Rep. 439); *Henderson v. Railway Co.,* 52 Minn. 479 (55 N. W. Rep. 53); *Railway Co. v. Green,* 20 Tex. Civ. App. 5 (49 S. W. Rep. 670); *Railroad Co. v. Sykes,* 96 Ill. 162.

Another claim of defendant is that the undisputed evidence shows plaintiff was not hurt upon Bank street, but upon the railway grounds, and that, being a trespasser there, he cannot recover. We are not prepared to assent to either this statement of fact or conclusion of law. There is evidence tending to show that plaintiff went

between the cars from a path used by pedestrians going to the Keokuk & Western freight house. Even had he deviated from the path sufficiently to get to the end of the car that barred his way, he would not necessarily have been a trespasser. See *Railroad Co. v. Cumberland,* Adv. S. U. S. 380, 20 Sup. Ct. Rep. 380. But there is still another phase of this issue. Although plaintiff was a trespasser on the grounds of the company, he was upon its train because of the assurance of an employe that he might safely pass through in order to reach his destination. Under such circumstances, defendant cannot escape liability on the ground urged.

II. Some other questions remain to be disposed of, in view of the new trial which we find must be had. Plaintiff offered, but was not allowed to show, that he was not familiar with the danger in being about the railroad trains. The peril incident to plaintiff's act if the train moved was so apparent that at his age he must have appreciated it. Indeed, his own evidence shows that he did; for he says he should not have attempted to pass through between the cars if it had not been for the brakeman's assurance.

III. Plaintiff was refused permission to show that within two minutes after the accident the brakeman came to plaintiff, and said, "Kid, you are not to blame for this; you are innocent." This evidence was properly ruled out. Were we to concede the transaction to be a part of the *res gestae,* yet the brakeman's statement would be inadmissible, for it is of a conclusion and not a fact.

IV. The motion to strike appellant's abstract from the files and affirm the judgment below, because it does not contain all the testimony of defendant's witnesses, is overruled. To pass upon the validity of a directed verdict, we need usually only the evidence on the part of appellant. As bearing upon this matter somewhat, see *Goring v. Fitzgerald,* 105 Iowa, 507. We may say fur-

ther that on additional abstracts filed by appellant and ap-
pellee, respectively, we have the whole record presented,
and under these circumstances we feel that the case should
be disposed of on its merits.—REVERSED.

GRANGER, C. J., not sitting.