W. H. Cole, Appellant, v. Charles City National Bank.

**Fraud and Mistake:** PLEADING. A petition stating that plaintiff executed a promissory note to defendant bank, and was given credit therefor in his bank book, but that this entry was not made in the proper place, but on a page where the account had been balanced, and that subsequently a party indebted to plaintiff deposited a sum equal to the face of the note to plaintiff's credit, and that plaintiff did not know of this payment, and was told by the president of the defendant that no such payment had been made, and in his final settlement received no credit for one of the sums so deposited, charges both mistake and fraud.

Statute of Limitations. Where plaintiff sued to recover money deposited in a bank, without his knowledge, to his credit, but which he did not receive in the settlement of his account, and which the bank's president told him had not been made, the cause of action was not barred in the statutory period after the fraud or mistake but under Code, section 3448, providing that in actions for fraud or mistake, the cause of action shall not accrue until discovery, the statute did not begin to run against his cause of action until he discovered the error.

Negligence: *Jury question.* Where plaintiff sued to recover money deposited to his credit in a bank, but which he did not receive because of fraud or mistake in his settlement with the bank, the question of plaintiff's negligence in not carefully examining his pass-book and discovering his mistake was for the jury.

Tender: *Conditions precedent.* In an action to recover money deposited in defendant bank to plaintiff's credit, and which he had not received because of mistake in settlement, the tender of a receipt or check is not a condition precedent to a cause of action.

**Demand:** EVIDENCE: *Objection below.* When no advantage is taken of a failure to plead demand, the cause is tried as though demand were in issue and the evidence tends to show that one

was made, the action may be maintained though demand be essential and not pleaded.

**Review on Appeal: VERDICT.** Where there is testimony supporting the allegations of a petition, the verdict of a jury thereon will not be disturbed because the testimony is improbable and in conflict with admitted circumstances.

*Appeal from Floyd District Court.*—Hon. Clifford P. Smith, Judge.

Monday, October 14, 1901.

Action at law to recover of defendant the sum of $3,000 and interest. At the close of plaintiff's evidence the court directed a verdict for defendant. From the judgment entered thereon against plaintiff for costs, he appeals.—*Reversed.*

*Robert Eggert* for appellant.

*Frank Liengenfelder* and *Robert G. Reiniger* for appellee.

Waterman, J.—The petition states, in substance, the following facts: Prior to and during the year 1892 plaintiff, who is a contractor and builder, was engaged in erecting a building for the Charles City College. During this time he was a depositor in defendant bank, his account running up in the aggregate to some $45,000. On March 17, 1892, plaintiff executed and delivered his promissory note for $3,000 to defendant bank, and was given credit therefor in his pass book. Plaintiff saw this entry made, but did not observe that it was not in the proper place in said book, but was on a page where the account had been fully settled and balanced. On March 18, 1892, the building committee of Charles City College deposited in defendant bank the sum of $3,000, which was due the plaintiff on his contract. This amount was credited in its proper place on said pass book as of that date. Plaintiff did not know of

this payment by the building committee, and was told by the president of the defendant bank that no such payment had been made. In his settlement with the bank he never received credit for one of these sums of $3,000. He did not learn of the true condition of affairs until October of the year 1898, and the record shows this action was instituted in February, 1899. The answer puts in issue the facts stated, and sets up the statute of limitations.

I. It is first contended on the part of the defendant that the petition does not charge fraud or mistake, and therefore does not set out a cause of action. To this we cannot agree. A mistake is clearly charged, and, although not by name, we think fraud is also averred. It is thought by appellee that this action cannot be maintained because a demand is not alleged, and no check or receipt tendered. No advantage was taken by demurrer or answer to the failure to plead a demand. The case was tried as though the petition stated a cause of action. The testimony of plaintiff tended to show a demand, and, under the circumstances, we think this was sufficient, if indeed, a demand was necessary. *Weis v. Morris,* 102 Iowa, 327. We know of no reason for holding that a receipt or check should be tendered in order to maintain this action. The case cited by appellee on this point (*McEwen v. Davis,* 39 Ind. 109) does not support its position.

II. Plaintiff's testimony tends to sustain the allegations of his petition. If it is improbable in some respects, and in conflict, perhaps, with admitted circumstances, these facts would go to its weight, and of this the jury were the proper judges. If there is evidence sufficient to take the case to a jury, plaintiff is entitled to have it passed on by them. We are not at liberty to determine as to the weight of such evidence, nor to pass upon the credibility of the witness. *Scott v. Railroad Co.,* 112 Iowa, 54.

III. Was plaintiff's cause of action barred by the statute of limitations? He avers and testifies that he did not discover the mistake in his account until the year 1898. Defendant insists this case does not come within the terms of section 3448 of the Code, which provides that in actions for relief on the ground of fraud or mistake the cause of action shall not be deemed to have accrued until such fraud or mistake is discovered by the party aggrieved. We are of opinion that the case is within the rule announced in *Cook v. Railway Co.*, 81 Iowa, 551. It is there stated that the statute does not begin to run, where a cause of action is fraudulently concealed, until the facts are discovered by plaintiff; or, as held in *Humphreys v. Matton*, 43 Iowa, 556, until they might have been discovered by the exercise of diligence. In the case at bar, defendant was a trustee of the funds deposited. If plaintiff's testimony is to be believed, there was a wilful and wrongful concealment of one of these deposits. But were it so that the fraud complained of is not such as was originally cognizable in a court of equity, or if it be conceded that it is not sufficiently averred in the petition, there is no question as to the averment of mistake, and this will save plaintiff's rights under this section. *Baird v. Bridge Co.*, 111 Iowa, 627. Whether plaintiff, in the exercise of due diligence, might sooner have discovered his rights, was a question peculiarly for the jury. Doubtless it was plaintiff's duty to examine his pass book and vouchers from time to time. 3 Am. & Eng. Enc. Law, 840, and cases cited. But, with the pass book in the condition we have stated, it was for a jury to say what knowledge it would or should have conveyed to him.

For the reasons given, the judgment is REVERSED.