Spear, J.
In her petition the plaintiff, as cause of action, alleged that she was a passenger on a street car on the track of the Company’s line in Cincinnati ; that desiring to alight at the corner of Find-lay and Vine streets, she signalled the conductor to" stop at that point; that, in response to said signal, thereupon the car did stop at that point; that she started to alight from the car, when, just as she was about to step from the running board on to the ground, the conductor negligently and before she was able to alight from the car signalled the car to go on, and thereupon the motorman started the car, all before plaintiff was able to alight from the same to the ground and while she was in the act of so alighting; and thereupon the ear so suddenly starting threw plaintiff to the ground before she was able to alight from the same, all without fault and negligence upon her part, and wholly by reason of the negligence of the conductor and motorman, who were in charge of the operation of the car and operating the same for the defendant Company. She was violently thrown upon the ground and badly injured and bruised; that her left arm was broken,.and that she suffered great pain and injury therefrom, and loss of time.
The answer of the Company admitted the allegation that it is a corporation organized under the laws of Ohio, and, excepting this, denied each and every allegation in the petition contained.
Testimony was given by plaintiff at the trial tending to support her claim as made in the petition, and by defendant tending to disprove her claim by showing that if she were the person who met with an accident at the time and place stated it did not' 4occur in the manner alleged in the petition, but did *4 occur by reason of the plaintiff undertaking to alight before the car had come to a stop, and while it was still in motion, and that was the sole cause of her injury.
The issue thus made was a simple one. Did the accident happen by reason of the negligent starting of the car while the plaintiff was in the act of alighting from it? If it did then she was entitled to recover. If it did not she was not. It is true that the petition contained an averment that the accident occurred without fault or negligence on the part of the plaintiff and that this was denied by a general denial, but such denial was not the equivalent of an allegation of contributory negligence because the entire incident itself as pleaded was denied. The element of contributory negligence could not, in the nature of things, become a feature of an event which did not occur at all. From this it follows that there was no issue in the pleadings respecting contributory negligence. Nor was such issue raised by the evidence. The plaintiff’s testimony was in direct support of her cause of action as stated in the petition, and no fact tending to show negligence on her part appeared, so that there was nothing of that character to be rebutted. If the jury believed the plaintiff’s evidence a recovery was inevitable; if it disbelieved her she was not entitled to recover; not because of contributory negligence, but because she had failed to sustain the cause of action made in her petition.
In this condition of the pleadings and proof the trial court charged the jury, in a charge otherwise properly covering the case, that if the jury should find that upon her own motion the plaintiff stepped off the car while it was moving so fast as to render *5 the act dangerous, the plaintiff was not in the exercise of ordinary care and contributing thus to the injury, cannot recover. And, in another part of the charge, that to entitle the plaintiff to recover she must not only have made it appear that she was not at fault, that is, that at the time of the injury she was in the exercise of ordinary care, but she must also have satisfied the jury that the proximate cause of the injury was the negligent act of the employes of the Company, and further on, there was again introduced the element of contributory negligence by a statement that if the accident happened while the plaintiff was alighting from the car and before she had a reasonable opportunity for leaving the car in safety, without fault on her part, then if the injury happened because of the negligence of defendant’s employes, she could recover.
Contributory negligence on the part of a plaintiff implies negligence on the part of the other party; it cannot exist without. It is the want of ordinary care by a person injured by the negligence of another, concurring with such negligence, and thus contributing to the injury as a proximate cause. See 7 Am. & Eng. Ency. Law, 371; Montgomery Gas Light Co. v. Railway Co., 86 Ala., 372; Hookler v. Willamette Railway Co., 18 Ore., 189; Southern Bell Tel. Co. v. Watts, 66 Fed. Rep., 460. The plaintiff’s negligence may be the sole proximate cause of the injury, but it is not in such case contributory negligence, because to contribute is to have a share in some act or effect, to lend assistance or aid. Hence if no act occurs to be aided there can be no act which is contributory.
Taken all together it is apparent, as it 'seems to us, that the jury may have inferred from the charge *6 that if the plaintiff instead.of having received her injuries by alighting from a car which had at her request stopped and had been negligently started, had in fact undertaken to alight while the car was still in motion, and yet in doing so had exercised ordinary care, she might recover. In so charging we think the learned trial court erred to the prejudice of the defendant. It was entitled to have the real issue presented to the jury without qualification or complication. The sympathy of jurors is apt to be, and naturally so, with the injured person,' especially if such person be a woman. This fact makes it all the more the duty of the courts to give the simple law of the case as presented by the pleadings and the evidence, so that both parties may have equal opportunity before the law.
Attention is called to that part of the record in which the defendant’s counsel after the charge was given, requested the court to charge more specifically respecting the matter of contributory negligence as though this action in some way estopped counsel to complain of the charge in that respect. We think it does not have that effect. The counsel could not help what the court had already said on that subject, and the court declined to further charge upon it.
■ It is urged, also, that there is in the record no sufficient exception by the .defendant to the charge. It is true that the desire to except is not stated in the usual way, but we think the purpose is sufficiently expressed and that both court and counsel so understood it at the time.
The judgment will be reversed and the cause remanded for further proceedings according to law.

Reversed.

Davis, C. J., Shauck and. Summers, JJ., concur.